129 So.2d 419 (1961)
Charles J. BODNER, Appellant,
v.
Robert A. GRAY, Secretary of State of the State of Florida, and Richard W. Ervin, Attorney General of the State of Florida, Appellees.
No. 30883.
Supreme Court of Florida.
May 5, 1961.
Charles J. Bodner, Miami, for appellant.
Richard W. Ervin, Atty. Gen., Wilson W. Wright and Gerald Mager, Asst. Atty. Gen., for appellees.
DREW, Justice.
This is an appeal[1] from a final decree of the trial court directly passing upon the validity of a state statute.[2]
Appellant, an attorney at law, a citizen of this State and a member of The Florida Bar in good standing for at least ten years prior to March 1, 1960 paid a qualifying fee of $875 to the Secretary of State in accordance with the requirements of Sections 99.031 and 99.061, Florida Statutes (1959). F.S.A. and filed his oath of candidacy in Group 1 for Justice, Supreme Court of Florida. Simultaneously with the payment of said qualifying fee, he filed his written protest with the Secretary of State alleging that Sections 99.031 and 99.061 were contrary to and in violation of the Constitution of the State of Florida in that they required from him as a candidate for the office of Justice of the Supreme Court additional *420 qualifications to those set forth in Article V, Section 13 of the Constitution of the State of Florida; and further, that said sections were contrary to and in violation of the Constitution of the State of Florida and the laws of the State of Florida in that the charges for the filing fee and the party assessment were arbitrary and unreasonable. In said written protest, he demanded the repayment of said sums forthwith, which demand was refused by the Secretary of State.
Appellant then filed a bill for declaratory decree in the Circuit Court of Leon County[3] asserting the unconstitutionality of said sections, praying for an injunction restraining the Secretary of State from enforcing the provisions thereof and for an order directing the Secretary of State to refund the sums paid pursuant to said statutes. The litigation resulted in the final decree described in the first paragraph hereof.
Two points are presented for our consideration. The first is the constitutionality of the foregoing statutes. The second is that, if the said statutes be held to be constitutional, the amount of the charges required under the provisions thereof are excessive, arbitrary and unreasonable and, therefore, invalid. Both points will be disposed of together.
We first turn to the argument of appellant that the questioned sections of the statute are in violation of the Constitution because they amount to a legislative imposition of qualifications to hold the office of Justice of the Supreme Court of the State of Florida in addition to those set forth in Article V, Section 13 of the Constitution of the State of Florida. The designated provision of the Constitution provides "No person shall be eligible for the office of justice of the supreme court * * * unless he is a citizen of this state and unless he is at the time a member of the Florida Bar in good standing and for a period of at least ten years has been, a member of the bar of Florida."
It is quite clear from the quoted provision of the Constitution that the qualifications placed there are upon the eligibility to hold the office mentioned. The questioned statute imposes no additional qualification upon the right to hold the office. It deals with the requirements to become a candidate for the office. The payment of the fee mentioned is not required of a person, otherwise qualified to fill such an office by appointment nor is such a fee required of any candidate who might be elected in the general election to such office as a condition precedent to assuming the office.[4] In other words, the statute is concerned solely with the fee which is required of any candidate seeking the nomination of his party for such office.
While there are authorities holding to the contrary,[5] the great weight of authority supports the view that reasonable fees may be exacted from candidates for public office.[6]
This Court, although it has not directly passed upon this particular proposition, has consistently followed the majority view in related questions.
In Mairs v. Peters, Fla. 1951, 52 So.2d 793, 795 we were presented with an attack on Section 102.29, Florida Statutes, F.S.A., which required the filing of a candidate's party loyalty oath. In that case this Court observed, in upholding the validity of said statute:

*421 "Conceding, as any student of free government must, that the party system is essential to our political life, we can well understand how short lived the party would be unless some means was afforded to maintain party integrity."
Moreover, in that opinion, we reached certain definite conclusions as to the necessity of party regulations in the democratic society in which we live. In the later case of Crowells v. Petersen, Fla. 1960, 118 So.2d 539, where we were confronted with an attack upon the constitutionality of 99.021, Florida Statutes (1957), requiring every candidate to subscribe to an oath or affirmation that he did not register as a member of any other political party during the two years immediately preceding the date of said oath, we upheld that provision and reaffirmed what was said in Mairs v. Peters.
The rationale of these and other cases in a similar vein is clearly applicable to the questioned statutes levying the assessment complained of. We conclude that, so long as the amounts of such assessments are not palpably arbitrary and unreasonable, they are valid legislative enactments.
We find no merit in appellant's contention that the amount of the assessment is unreasonable and arbitrary. The statement appears in American Jurisprudence "* * * such a requirement may not be sustained on the ground that it is a proper regulation for restricting the number of candidates."[7] In the complex society in which we presently live, this statement is of doubtful validity. The Legislature of Florida, necessarily vested with great power in prescribing regulations governing the election of its public officials, has determined the amount of such fee that should be exacted. These acts and this determination come to us with a presumption of validity  an extremely strong presumption in statutes regulating the conduct of elections. Moreover, this Court can take judicial knowledge of the fact that the great majority of votes cast in this State are on voting machines. In the absence of statutes imposing reasonable fees upon the right to become a candidate for public office, the number could easily reach a point that would render the machinery set up by the Legislature for the purpose of electing its public officials wholly inoperative. It is not a violent presumption to assume that these considerations may well have been in the mind of the Legislature when these regulations were adopted. We are not prepared to say that they are not reasonable and valid considerations in matters of this kind. The law places restraints upon all of its citizens in the exercise of their rights and liberties under a republican form of government. Such restraints have been found to be necessary in the development of our democratic processes to preserve the very liberties which we exercise. Similar restraints may lawfully be imposed upon individual candidates for public office.
Finding no error in the decree appealed from, the same be and is hereby affirmed.
THOMAS, C.J., and HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., and TAYLOR, Circuit Judge, concur.
NOTES
[1] Fla. Const., article V, section 4(2), F.S.A.
[2] The germane portions of the decree appealed from are:

"That the provisions of Sections 99.031 and 99.061, Florida Statutes, are constitutionally valid and in full force and effect.
"That the qualifying fee exacted from candidates under said Sections is a constitutionally valid, legal and reasonable legislative prerequisite and is binding upon said plaintiff."
[3] The county of the official residence of the Secretary of State. Mason Lumber Co. v. Lee, 1936, 126 Fla. 371, 171 So. 332; State ex rel. Ayala v. Knott, 1941, 148 Fla. 43, 3 So.2d 522 and similar cases.
[4] Such, for instance, as one who might be elected as a "write in" candidate.
[5] Johnson v. Grand Forks County, 1907, 16 N.D. 363, 113 N.W. 1071, L.R.A. 1915B.
[6] 18 Am.Jur. Elections § 125 (1938); 29 C.J.S. Elections § 114; Payne, The Law of Elections 101 (1890); Annotation 146 A.L.R. 679. See also 36 Notre Dame Law. 60 (1960) and the cases cited.
[7] 18 Am.Jur. Elections, § 125 (1958). The case cited as the authority for this conclusion is Johnson v. Grand Forks County, cited in footnote 5. The North Dakota Court in its view upon the subject generally represents the minority view on the question of the validity of such requirement.