**Gary Lee WETHERINGTON, Plaintiff,**

v.

**Tom O. ADAMS, individually, and as Secretary of State of Florida, and as Commissioner of Elections, Defendant.**

**TCA 1408.**

United States District Court,
N. D. Florida,
Tallahassee Division.

Jan. 29, 1970.

Gary Lee Wetherington, pro se.

Earl Faircloth, Atty. Gen. for the State of Florida, for defendant.

———◆———

Before DYER, Circuit Judge, and KRENTZMAN and ARNOW, District Judges.

## OPINION AND ORDER

ARNOW, District Judge:

Complaint was filed by Plaintiff, the thrust of which seeks declaratory judgment that Chapter 99, Laws of Florida, Subsection (1) of Section 99.092, as amended by the 1967 Legislature, violates the Fourteenth Amendment of the Constitution of the United States. Jurisdiction was sought to be invoked under 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983, and there was requested the convening of a three judge district court under 28 U.S.C.A. § 2281. Filed with the complaint was a motion for temporary restraining order and preliminary injunction directed to the Defendant Secretary of State of Florida in his capacity as Commissioner of Elections. Motion was filed by the Defendant to dismiss the complaint on the ground, among others, of its failure to state grounds upon which relief can be granted.

The district court, without convening a three judge court, considered the complaint and dismissed it for failure to state a claim upon which relief could be granted. On appeal, United States Court of Appeals for the Fifth Circuit

reversed, 406 F.2d 724, saying its consideration by a three judge district court was required. Following that decision, a three judge district court has been convened, and hearing has been held.

The Florida statute under attack here on constitutional grounds provides in substance that those who seek nomination for political office as candidates are required to pay a stipulated sum as a qualifying fee as a prerequisite to their names being placed upon the ballot. In this instance the Plaintiff alleges that he seeks a seat in the legislature of the State of Florida and the filing fee for that office is $300.00 as a result of the 1967 amendment. Prior to that time, the filing fee for such office was $60.00.

During the time this suit has been pending, the Florida Legislature has increased the legislative salaries to $12,-000.00. This increase in salary may require a larger filing fee for nomination for a legislative office in ensuing elections but such result would not affect the issues that are pending before this Court.

■ Plaintiff urges that the $300.00 requirement imposes an unconstitutional condition upon him as a prospective candidate, i.e., it establishes the necessity for money and is, therefore, discriminatory against those without the necessary funds. He contends this is a denial of his constitutional rights due to his lack of wealth. The attack is twofold: (1) against any filing fee at all, and, alternatively (2) against the $300.00 filing fee in this instance as excessive. He contends violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

With the Legislature's raising the salary, the contention of excessiveness of the filing fee may be given short shrift.[1] Even without that action on its part,

however, it can be, and is, said, as a matter of law, that the size of the fee is not such as to raise any constitutional question of intentional or purposeful discrimination, or of unreasonableness, in violation either of the equal protection clause, or of the due process clause of such amendment. Were it, under the statute, raised to 5% of the annual salary, even more clearly no such constitutional question would be presented.

There remains the issue presented by Plaintiff whether the Florida Statutes, in requiring any filing fee for nomination of candidates, violates the due process clause, or the equal protection clause, of the Fourteenth Amendment to the Constitution of the United States.

■ The Supreme Court in 1943 put the Plaintiff's due process clause argument to rest by holding that "an unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause." Snowden v. Hughes, 321 U.S. 1, 7, 64 S.Ct. 397, 400, 88 L.Ed. 497 (1943). Although there have since that time been significant developments in judicial construction of the due process clause, it remains reasonable to assume, and hold, that, so long as it is reasonable, a filing fee as a precondition to candidacy for nomination to state office in a political party primary would not be violative of the due process clause. In the first place, it is difficult to perceive a "property right" in a state-created office aside from that of the state's citizens generally. Additionally, the filing fee precondition does not constitute a total denial to persons desirous of candidacy of having votes cast for them and counted; they can run as write-in candidates by following the non-cost procedures of Fla.Stat. § 99.023 (1967), F.S.A., which result in consideration as normal fee-paying candidates except that the names do not appear on the official ballot.

---

1. Plaintiff, in his complaint, refers to 5% as normal; in memorandum filed and on argument before this three judge court,

he has given scant attention to the argument of excessiveness.

It is the majority position that reasonable fees may be imposed. 25 Am. Jur.2d Elections § 182. This is the position taken by Florida. Bodner v. Gray, 129 So.2d 419, 89 A.L.R.2d 860 (Fla. 1961).

Snowden v. Hughes, supra, did not dispose of the Plaintiff's equal protection argument. The Plaintiff here asserts, rather than as a violation of state law, the state's law itself classifies on the basis of wealth; no such argument was asserted in *Snowden*. The Plaintiff seeks to establish himself in a position such as that of the petitioners in Harper v. Virginia State Bd. of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966).

"In determining whether or not a state law violates the Equal Protection Clause, we must consider the facts and circumstances behind the law, the interests which the State claims to be protecting, and interests of those who are disadvantaged by the classification." Williams v. Rhodes, 393 U.S. 23, 30, 89 S.Ct. 5, 10, 21 L.Ed.2d 24 (1968). In considering the facts and circumstances of the filing fee requirements, this Court must consider the Florida election laws in their totality.

The Florida election laws are divided into party nominations for election and general elections by nominated candidates for office, as are the laws of virtually all the states. Party nomination may be won in two ways: as a write-in candidate whose name does not appear on the official ballot but the votes for whom are counted according to procedures not challenged herein, Fla.Stat. § 99.023 (1967), F.S.A.; and as a normal candidate who meets the various qualifications including the filing fee which is here challenged, Fla.Stat. §§ 99.021, 99.-061, 99.092 and 103.121 (1967), F.S.A.

The purpose of the Florida filing fee law has been discussed by the Supreme Court of Florida in Bodner v. Gray, supra. In that case, the Court took judicial knowledge of the fact that the great majority of votes cast in Florida were on voting machines and concluded that,

in the absence of statutes imposing reasonable fees upon the right to become a candidate for public office, the number could easily reach a point that would render the machinery set up by the Legislature for the purpose of electing its public officials wholly inoperative.

 Moreover, it would be and is proper and reasonable for the Florida Legislature to desire that only serious, good faith candidates place their names on the ballot. In order to insure serious political candidates it is reasonable to require a reasonable filing fee. A serious candidate for public office has traditionally attracted money for his candidacy. The inability to pay a reasonable filing fee might indicate lack of potential political support for a person's candidacy.

An additional purpose of the filing fees and assessments would appear to be to provide support, in a monetary form, to political parties so as to encourage and strengthen them. This becomes clear when it is considered that the filing fees do not go to the state to finance the costs of the elections. The filing fees, as well as the assessments themselves made by the party, go to qualified party executive committees. Fla.Stat. § 99.103 (1967), F.S.A. Thus, the purpose of fostering party growth and activity becomes apparent, and all the more so when it is considered that the state conducts the election free of charge. The only requisite for state financed party nomination elections is sufficient voter support.

It is concluded that Florida has valid reasons for requiring the questioned filing fees and that there is a valid state interest its Legislature is trying to protect.

The Plaintiff, however, argues that the state could accomplish the same purpose by requiring the candidate for a state office to collect signatures on a petition as an indication of their serious intent. Assuming Plaintiff's allegation to be true, it does not necessarily follow the procedure selected by the state is in-

valid. The determination here must be whether the state procedure is a reasonable and rational restriction on candidates or whether it is invidious discrimination, and not whether there are procedures which are equal to or superior to that used by the state.

Its procedure being, as it is, a reasonable and rational restriction, and not one that is invidiously discriminatory, it matters not whether other procedures might have been adopted by it.

Turning next to a consideration of the interests of those who may be disadvantaged by the filing fee requirement, it is true the filing fee may discourage some potential candidates from running for office. It is probably equally true that there are some citizens of Florida who desire to run for office but cannot raise the filing fee. These citizens are not without relief, however. Florida Statute § 99.023, F.S.A. provides for a write-in candidacy without the payment of a filing fee. There may be some disadvantages to a write-in candidacy but it does provide a means whereby any citizen, regardless of his political support or his individual wealth, can present himself to the voters for their consideration.

In summary, this Court concludes that there are valid reasons behind and justifying the challenged Florida law, that the requirement of a filing fee for candidates for nomination is reasonably and rationally related to the desired objectives, and that, in light of the write-in candidacy statute and other matters here discussed, an indigent candidate is not discriminated against unduly.

Accordingly, this Court holds the complaint fails to state a cause of action upon which relief can be granted, and the motion to dismiss should be granted.

This case is readily distinguishable from *Harper, supra*—there is not here involved, as in *Harper*, a poll tax fee unrelated to a citizen's ability to participate in the electoral process.

This Court is aware of the three judge decision dated September 5, 1969, in Jenness, et al., v. Little, etc., 306 F.

Supp. 925 lately pending in the Atlanta Division of the United States District Court for the Northern District of Georgia, in which the Court there stated, with respect to the municipal law or ordinance there involved, that "to prohibit candidates from getting their names on the ballot solely because they cannot post a certain amount of money is illegal and unconstitutional." There are factual differences between this case, and that one, which may be ground for differentiation between them. Be that as it may, this Court holds the prohibition here involved against candidates who do not pay the fees in question having their names on the ballot is legal and constitutional.

The Civil Rights Acts raised here do not touch the matters with respect to political office presented here, and furnish no possible ground for the relief sought. In view of the conclusion reached, other grounds of the motion to dismiss need not be considered.

It is, therefore, upon consideration,

Ordered that this cause should be and it is hereby dismissed with prejudice.