314 So.2d 1 (1975)
Emily PASCO and Robert Perkins, Jr., Appellants,
v.
Joan HEGGEN, Mayor, et al., Appellees.
No. 45557.
Supreme Court of Florida.
March 19, 1975.
Jon D. Caminez, Tallahassee, for appellants.
Robert L. Shevin, Atty. Gen., and Raymond W. Gearey, Asst. Atty. Gen., for appellees.
OVERTON, Justice.
The appellants, who are registered Tallahassee voters, appeal from an order of the Leon County Circuit Court upholding the constitutionality of write-in vote provisions in Sections 99.023 and 101.251(3), Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
At elections conducted on February 19 and 26, 1974, the appellants allegedly desired to cast write-in votes for City Commissioner, Group I, for the City of Tallahassee. They were unable to do so because there was no compliance by a write-in candidate with the provisions of Section *2 99.023, Florida Statutes, and, therefore, the voting machines did not provide space for casting write-in ballots in that race. On February 25 they accordingly brought this action, seeking a writ of mandamus by the circuit court to compel the inclusion of space on the ballots for the casting of write-in votes. No alleged candidate was a party to this action. The circuit court denied all relief and dismissed the appellants' action.
The trial court upheld the validity of Sections 99.023 and 101.251(3), Florida Statutes, which provide respectively:

"99.023 Oath of write-in candidate. 
"(1) Any person seeking election by write-in votes, in order to be entitled to have write-in votes cast for him counted, shall have, not less than forty-five days prior to the general election, certified under oath to the department of state the following information:
"(a) His name.
"(b) His address.
"(c) He possesses all of the qualifications required by law for the office.
"(d) The name of the office he seeks.
"(e) He will accept the office.
"(2) At the time of certifying under oath the above information, a write-in candidate shall be considered a candidate as so defined in Section 97.021, Florida Statutes; except that he shall not be entitled to have his name printed on the official ballot.
"(3) The Department of state shall, not less than thirty days before said general election, certify the names of such write-in candidates to the board of county commissioners of every county affected by such candidacy."

"101.251 County commissioners to print names of candidates on ballots, etc. 
* * * * * *
"(3) In addition to the names printed on the ballot, a blank line shall be printed under those offices where a write-in candidate has qualified under the provisions of § 99.023."
In doing so, the trial judge, in a very explicit and well reasoned opinion, said:
"... However, if we carry to its logical end the asserted right, i.e., the right of an elector to cast a vote for whom he pleases without restriction and that right carries with it the obligation to count that vote then, Petitioner is asserting that there can be no limitation on the right of any person to hold office. Thus, she must assert that the people through their legislature cannot set age, qualification, character, experience or other limitations upon the right to hold public office. On the other hand, if we were to grant the unrestricted right to cast a vote but not the right to have it counted, then we would be providing for a useless elective procedure though it might be productive of other salutary results. (We note that Petitioner did not assert any violation of First Amendment Rights.)
"Stripped then of excess verbiage, it appears that Petitioner's asserted right may be but an attractive cliche.
"In this time when the public has such a great concern for campaign practices and procedure and such great efforts are being expended to supervise persons seeking public office and to hold them accountable, the legislature has a duty to place reasonable limitations in this area.
"While the right which Petitioner asserts does not bear directly upon this point, implementation of such right would have that necessary effect.
"The right of an elector to cast a vote cannot be restricted to those whose names are printed on a ballot. Provision for write-in candidates has been made *3 (Sec. 99.023) and the limitation established appears to be reasonable to this Court. Petitioner does not assert that such provisions themselves are unreasonable but asserts that any limitation on the right to cast a vote and have it counted is improper.
"While it is true that present statutory provisions place a limitation on an elector, it does not necessarily follow that such restriction constitutes the denial of an elector's constitutional rights.
"An election has been defined as the act of choosing by vote a person to fill an office (see Akio Kuwahara vs. Acheson, [D.C.Cal.] 96 Fed.Supp. 38). To vote means to express a choice or preference. When used in the context under consideration the act performed by the elector is the choosing of a person to fill a public office. The establishment of qualification to fill a public office is subject to reasonable regulation by the people through their legislature. Thus, as an incident thereto the people generally have the power to place reasonable restrictions on the casting of a vote.
"Nothing has been made to appear which would indicate that the restrictions placed upon casting a write-in vote are unreasonable."
This Court has previously held that legislative enactments regulating the conduct of elections come before this tribunal with an extremely strong presumption of validity. Bodner v. Gray, 129 So.2d 419, 421 (Fla. 1961), 89 A.L.R.2d 860. We have also stated that only unreasonable or unnecessary restraints on the elective process are prohibited. State v. Dillon, 32 Fla. 545, 14 So. 383 (1893). After carefully examining the requirements of the two statutes before us, we find that they serve a number of reasonable and legitimate interests.
First, Section 99.023, Florida Statutes, enables the State to protect the integrity of its political process from frivolous or fraudulent candidacy by requiring the prospective write-in candidate to file an oath that he possesses the requisite qualifications and will accept the office if elected thereto. In Bullock v. Carter, 405 U.S. 134, 145, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), the United States Supreme Court held that states have an interest, if not a duty, to ensure that this end is met.
Secondly, but equally important, the State has a legitimate interest in keeping ballots within manageable limits. Lubin v. Panish, 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974); Jenness v. Fortson, 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971); Bullock v. Carter, supra. The requirement under Section 101.251(3), Florida Statutes, that one write-in candidate qualify before write-in space is provided on the ballot for a given office helps serve this reasonable interest. In Danciu v. Glisson, 302 So.2d 131 (Fla. 1974), we upheld a related statute, Section 99.152, Florida Statutes, which requires an individual to obtain signatures from a specific percentage of the total registered electors at the last general election before his or her name may be placed on the ballot. We there observed:
"Reasonable controls by the State (through the Legislature) must be provided in order to assure orderly and effective elections; provisions such as those in question are not unreasonable ones to this end. If any intended candidate who chose to do so were allowed to place his name upon the ballot without reasonable control and prerequisites, the ballot would reach such unruly proportions and length as to prevent intelligible and controllable ballots for the voters' choices."
302 So.2d at 133.
Finally, the two statutes here at issue serve to protect the right of privacy for the individual who does not desire to be a candidate. That right is partially embodied *4 in Section 114.01, Florida Statutes, which recognizes the right of a person elected to public office to refuse acceptance of the office. It is also embodied in the case of Battaglia v. Adams, 164 So.2d 195 (Fla. 1964), where we clearly recognized the individual's absolute right to control the appearance or nonappearance of his name upon an election ballot.
In summary, we hold that Article VI, Section 1, of the Florida Constitution, guarantees a right to vote only for qualified persons of the elector's choice and that Sections 99.023 and 101.251(3), Florida Statutes, set reasonable regulations for a write-in candidacy.
The order of the trial court is affirmed.
ADKINS, C.J., ROBERTS and McCAIN, JJ., and CREWS, LEE and McCRARY, Circuit Court Judges, concur.