372 So.2d 427 (1979)
Lee W. SMITH, Rose Ogden, Joe Kear, John Richardson, Susan Schulman, and Stuart Rogers, Petitioners,
v.
Bruce A. SMATHERS, As Secretary of State of the State of Florida, and Mary L. Singleton, Director, Department of Elections, Respondents.
No. 54600.
Supreme Court of Florida.
April 19, 1979.
Rehearing Denied July 17, 1979.
*428 Ira J. Kurzban of Kurzban & Kurzban, Miami, The National Emergency Civil Liberties Committee, New York City, and Bruce S. Rogow, Fort Lauderdale, for petitioners.
David E. Cardwell, Director, and Ronald A. Labasky, Legal Counsel, Div. of Elections, Tallahassee, for respondents.
OVERTON, Justice.
The petitioner, Lee W. Smith, by an original proceeding in mandamus, sought an opportunity to be a write-in candidate for Congress in the Thirteenth Congressional District. He was joined by five persons who wanted to vote for him in the general election on November 7, 1978. We issued an alternative writ, received a return, and heard oral argument. On October 30, 1978, we denied relief but reserved jurisdiction to enter a full opinion on the issue presented.
In the congressional race in issue in these proceedings, only one candidate, William Lehman, qualified, and his name was not on the ballot because he was unopposed. See § 101.151(6), Fla. Stat. (1977). The right asserted by petitioner Smith to be a writein candidate is necessarily intertwined with the election procedure which eliminates an unopposed candidate's name from the ballot.
Considering the limited time available before the election, it was not feasible to require the reinsertion of Mr. Lehman's name on the ballot and devise a procedure for petitioner Smith to qualify as a write-in candidate. To have granted the relief would have caused an unwarranted disruption of the election process.[1] This fact, coupled with the petitioners' failure to join as parties to the action Mr. Lehman and the local supervisors of elections who are required by Section 101.251, Florida Statutes (1977), to prepare the ballots, resulted in our denial of the requested relief for this election.
Despite our denial of relief in this instance, we have considered the constitutional issues involved in this controversy and hold that the complete abolition of write-in candidacies by the revised Florida Election Code is unconstitutional.
Prior to January 1, 1978, the Florida Election Code provided a procedure for write-in candidacies. It required write-in candidates to notify election officials within forty-five days of the election of their desire to be a candidate. If the candidate was qualified, a blank space would appear on the ballot underneath the names of any other candidates for the office. This procedure was described in Sections 99.023, 101.011(2), and 101.151(5)(a), (b), Florida Statutes *429 (1975), and was approved by this Court in Pasco v. Heggen, 314 So.2d 1 (Fla. 1975). When the Code was revised, these sections were eliminated. Ch. 77-175, §§ 13, 66, Laws of Fla.
There is no doubt that the election process may be reasonably regulated in order to guarantee "orderly and effective elections." Danciu v. Glisson, 302 So.2d 131, 133 (Fla. 1974). In this case, however, we are confronted not with the procedural regulation of the right to write in the name of a candidate but with its complete abolition. In our view, this is impermissible and constitutes a denial of the right to vote for a candidate of one's choice embodied in Article VI, Section 1, Florida Constitution (1968). This Court in State ex rel. Lamar v. Dillon, 32 Fla. 545, 14 So. 383 (1893), said:
"The distinguishing theory of the ballot system is that every voter shall be permitted to vote for whom he pleases, and that no one else shall be in a position to know for whom he has voted... ." [State ex rel. Smith v. Anderson, 26 Fla. 240, 259, 8 So. 1, 5 (1890).] There is no doubt in our minds about the right of the legislature to prescribe an official ballot, and to prohibit the use of any other... . But the legislature cannot, in our judgment, restrict an elector to voting for some one of the candidates whose names have been printed upon the official ballot. He must be left free to vote for whom he pleases, and the constitution has guaranteed to him this right. If the legislature can restrict the voter to some candidate whose name is printed on the official ballot, then it may prescribe such regulations for getting the names of candidates on the ballot as will completely destroy the liberty of choice." 32 Fla. at 579, 14 So. at 393-94 (construing Article VI, Section 6, Florida Constitution (1885)). [Emphasis supplied.]
While we realize that computers and electronic voting equipment have substantially changed the methods by which electors cast their ballots, we believe the right of each elector to vote for a write-in candidate is as important now as it was in 1893. Further, the change by the 1968 Constitution of the section of the 1885 Constitution[2] which as interpreted in Dillon, supra, in no way affects the intent and meaning of the provision and, in fact, strengthens our conclusion in this case.
For the foregoing reasons, although the petition for writ of mandamus in the instant case has been denied, we hold that the complete elimination of the opportunity to be a write-in candidate violates Article VI, Section 1, of the Florida Constitution. We also hold that Sections 13 and 66 of Chapter 77-175, Laws of Florida, are invalid only to the extent they repeal the writein voting procedure contained in Sections 99.023, 101.011(2), and 101.151(5)(a), (b), Florida Statutes (1975). These repealed sections of the statute are hereby revived and shall remain in force and effect to provide a procedure for write-in candidacies in future elections until properly changed by the legislature. Henderson v. Antonacci, 62 So.2d 5 (Fla. 1952).
It is so ordered.
ENGLAND, C.J., and BOYD, SUNDBERG and HATCHETT, JJ., concur.
ALDERMAN, J., dissents with an opinion, with which ADKINS, J., concurs.
ALDERMAN, Justice, dissenting.
I respectfully dissent. The present election process prohibits write-in ballots, but it allows minor party candidates or independent candidates to register at will and merely requires that they obtain signatures of three percent of the registered electors in the district or area affected by the election. The election code provides for the avoidance of costs associated with the petitioning process if the candidate is unable to pay them, and the petition forms are supplied by the state. It also provides for waiver of the filing fee if it causes an *430 undue burden on the candidate or resources are not otherwise available. In my opinion, this is a reasonable exercise of the legislature's right to impose restrictions on the election process to assure orderly and effective elections.
The elimination of write-in ballots, while at the same time providing a reasonable method of access to the ballot for minor party and independent candidates, does not constitute an unconstitutional restriction on the election process. I reach this conclusion based upon the extremely strong presumption in favor of the constitutionality of statutes that regulate the conduct of elections and because, under our present constitution, write-in ballots are not mandated. Article VI, section 1, Florida Constitution, provides:
All elections by the people shall be by direct and secret vote. General elections shall be determined by a plurality of votes cast. Registration and elections shall, and political party functions may, be regulated by law.
This was a change from the Florida Constitution of 1885, article VI, that provided:
SECTION 6. Elections; method of voting.  In all elections by the Legislature, the vote shall be viva voce, and in all elections by the people, the vote shall be by ballot.
.....
SECTION 9. Legislature to enact laws to preserve purity of ballot.  The Legislature shall enact such laws as will preserve the purity of the ballot given under this Constitution.
I believe the majority opinion is wrong when it holds that the change of language in the 1968 Florida Constitution in no way affects the intent and meaning of the Florida Constitution of 1885, article VI, section 6, as it was construed by this Court in State ex rel. Lamar v. Dillon, 32 Fla. 545, 14 So. 383 (1893). In Dillon, the Court explained:
The right to vote is not an inherent or absolute right, found among those generally reserved in bills of rights, but its possession is dependent upon constitutional or statutory grant. Subject to the limitations contained in the federal constitution, the elective franchise is under the control of the sovereign power of the states, expressed in constitutions or statutes properly enacted. Where a constitution has conferred the right, and prescribed the qualifications of electors, it, of course, is paramount until amended, and the legislature cannot change or add to them in any way; but where the constitution does not fix the right of suffrage, or prescribe the qualifications of voters, it is competent for the legislature, as the representative of the lawmaking power of the state, to do so.
32 Fla. at 559-60, 14 So. at 387. In Dillon, through quo warranto proceedings challenging the right of several councilmen of the City of Jacksonville to hold office, an act of the legislature, chapter 4301, Laws of Florida (1893), which dealt with the method of election for the offices of councilmen of the City of Jacksonville, was attacked as unconstitutional on several grounds. One alleged basis for the invalidity of this law was that, by the terms of the act, qualified electors of the City of Jacksonville were not permitted to vote for whom they pleased but were restricted to vote for those persons whose names were placed upon an "official ballot" by the election commissioners named by the act. The Court, emphasizing that the 1885 constitution provided that in all elections the people shall vote by ballot, said:
But the legislature cannot, in our judgment, restrict an elector to voting for some one of the candidates whose names have been printed upon the official ballot. He must be left free to vote for whom he pleases, and the constitution has guarantied to him this right. If the legislature can restrict the voter to some candidate whose name is printed on the official ballot, then it may prescribe such regulations for getting the names of candidates on the ballot as will completely destroy the liberty of choice.
32 Fla. at 579, 14 So. at 393-94. The Court concluded that the portion of the act restricting the voter to checking some name *431 on the official ballot conflicts with the 1885 constitutional provision in reference to voting by ballot.
Our present constitution no longer utilizes the language that the vote shall be by ballot as did the 1885 constitutional provision relied on by this Court in Dillon. Contrary to the majority's view, I believe that this was a material change and that Dillon is not controlling precedent for interpretation of article VI, section 1, Florida Constitution. This Court, in a recent case, held that reasonable controls by the state (through the legislature) must be provided in order to assure orderly and effective elections, and a requirement that "independent" candidates submit and have certified upon petition the signatures of a percentage of the total registered electors is not unreasonable and does not deny the candidates due process or equal protection of the law. Danciu v. Glisson, 302 So.2d 131 (Fla. 1974). And in another recent case, we held that the restrictions on write-in ballots set forth in sections 99.023 and 101.251(3), Florida Statutes (1973), are not unconstitutional, rejecting the argument that any limitation on the right to cast a vote and have it counted is improper. Pasco v. Heggen, 314 So.2d 1 (Fla. 1975).
Accordingly, I conclude that the elimination of the statute providing for write-in candidates does not violate article VI, section 1, Florida Constitution, and that sections 13 and 66 of chapter 77-175, Laws of Florida, are valid.
ADKINS, J., concurs.
NOTES
[1] Cf. Reynolds v. Sims, 377 U.S. 533, 585, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) (in considering the timing of relief in an apportionment case, a court should consider the proximity of an election and the election procedures provided by state law).
[2] Article VI, Section 1, Florida Constitution (1968), provides, inter alia: "All elections by the people shall be by direct and secret vote." Article VI, Section 6, Florida Constitution (1885), provided, inter alia: "[A]nd in all elections by the people, the vote shall be by ballot."