532 So.2d 1055 (1988)
STATE of Florida, Appellant,
v.
William S. GRASSI, Appellee.
No. 69359.
Supreme Court of Florida.
October 6, 1988.
Rehearing Denied November 21, 1988.
Robert A. Butterworth, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., West Palm Beach, for appellant.
Bruce D. Lincoln and Sidney Solomon, Ft. Lauderdale, for appellee.
EHRLICH, Chief Justice.
We have for review the decision of the Fourth District Court of Appeal in State v. Grassi, 492 So.2d 474 (Fla. 4th DCA 1986), which declared section 99.032, Florida Statutes (1983), unconstitutional under the Florida Constitution. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and approve the decision of the district court.
On July 20, 1984, defendant Grassi presented his qualifying papers to the office of the Supervisor of Elections of Broward County. He intended to run for the office of county commissioner in Broward County, District # 4, but upon learning that the seat for District # 4 was not open, he changed his papers to run for District # 3, even though he was a resident of District # 4 at that time. He was charged by information on February 14, 1985, with knowingly and unlawfully qualifying as a candidate for Broward County Commissioner, District # 3, without being a resident thereof, in violation of section 99.032, Florida Statutes (1983). Section 99.032 requires that "[a] candidate for the office of county commissioner shall, at the time he *1056 qualifies, be a resident of the district from which he qualifies," (emphasis added), violation of which is a first-degree misdemeanor, section 104.41, Florida Statutes (1983).
The trial court granted Grassi's motion to dismiss, holding that section 99.032, Florida Statutes, is inconsistent with article VIII, section 1(e), of the Florida Constitution, and therefore unconstitutional. The district court affirmed the trial court's order to dismiss. The State seeks review.
As we stated in State ex rel. Askew v. Thomas, 293 So.2d 40, 42 (Fla. 1974):
We have consistently held that statutes imposing additional qualifications for office are unconstitutional where the basic document of the constitution itself has already undertaken to set forth those requirements.
Therefore, if article VIII, section 1(e), of the Florida Constitution, provides qualifications for the office of county commissioner, the legislature is prohibited from imposing any additional qualifications.
Article VIII, section 1(e), Florida Constitution (1968), provides:
(e) Commissioners. Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five members serving staggered terms of four years. After each decennial census the board of county commissioners shall divide the county into districts of contiguous territory as nearly equal in population as practicable. One commissioner residing in each district shall be elected by the electors of the county.

(Emphasis added). We construe this provision as requiring residency at the time of election.
In November 1984, the voters of the State of Florida amended article VIII, section 1(e), of the Florida Constitution to read in pertinent part:
(e) Commissioners. Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five or seven members serving staggered terms of four years... . One commissioner residing in each district shall be elected as provided by law.

(Emphasis added). The state argues that the 1984 amendment of this section of the Florida Constitution "is not substantive but rather merely an interpretation" of the 1968 constitution, and thus "may be considered ... in arriving at a proper constitutional interpretation of Article VIII § 1(e)." Brief for Appellant at 7-8. The state contends that the 1984 amendment makes it clear that article VIII, section 1(e), "delegates the establishment of specific county commissioner qualifications to the legislature." Id. at 8-9. We disagree. This new language modifies "shall be elected," not the residency requirement. Further, House Joint Resolution 452, which proposed the amendment, provided that the following title and substance of the proposed amendment was to appear on the ballot:
Provides that county commissioners shall be elected as provided by law, thereby removing the constitutional restriction that county commissioners must be elected at large by the electors of the county, and allows the board of county commissioners to be composed of either five or seven members.
Therefore, this is a substantive amendment delegating to the legislature the task of establishing procedures for election of county commissioners, not the power to set qualifications for that office.
Because article VIII, section 1(e) provides requirements for office of county commissioner, the legislature may not impose additional requirements. The Florida Constitution requires residency at the time of election. Therefore, section 99.032, Florida Statutes, is unconstitutional, as it imposes the additional qualification for the office of county commissioner of residency at the time of qualifying for election.
We therefore approve the decision of the district court, and hold that section 99.032 is unconstitutional.
It is so ordered.
*1057 OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.