JORGENSON, J.
Dr. and Mrs. Nelson Chambless appeal from an order of final summary judgment. We affirm.
The Chamblesses reside in and are members of the Snapper Creek Lakes Club homeowners’ association in Coral Gables. They sued the association, its officers, board of directors, and Metro-Dade County for injunctive and declaratory relief, breach of contract, breach of fiduciary *130 duty, and nuisance.[1] The suit concerned the creation of a special taxing district which 73% of the residents of the subdivision voted for; the purpose of the special tax assessed against the property owners was to finance the construction of a guard house that would restrict entry into the subdivision to one gated entrance.[2]
The Chambless family residence abuts the gatehouse. An expert witness testified that the Chambless property value decreased by 20% because of the increased noise and traffic outside of their residence caused by the vehicle backup at the guardhouse. The Chambless suit was premised upon an alleged breach of the homeowners’ association’s corporate charter, which in Article III sets forth the association’s duty to protect “the value of the property of the members of the corporation in the said subdivisions.”
The trial court found that Article III of the charter created a general obligation to protect the property of all the members of the association, and not the property of one member in particular, to the exclusion of the others. We agree. The majority of the members of the association voted to create the special taxing district to enhance the safety and protection of the entire community. In fact, there was expert testimony presented that the construction and operation of the guardhouse increased the overall value of property within the subdivision by twenty to twenty-five percent.
“The law places restraints upon all of its citizens in the exercise of their rights and liberties under a republican form of government. Such restraints have been found to be necessary in the development of our democratic processes to preserve the very liberties which we exercise.” Bodner v. Gray, 129 So.2d 419, 421 (Fla.1961). Although it is unfortunate that residents whose property abuts the guardhouse suffer inconvenience and a drop in their property value, the association and its officers and directors cannot, in this democratic system where the majority vote prevails, be held responsible for the residents’ exercise of their electoral franchise.
AFFIRMED.

. This appeal does not involve the claims against Metro-Dade County.

. See §§ 163.502 — 163.511, Fla. Stat. (1997); Miami-Dade Co.Code Chapter 18.