POLEN, J.
I. Factual Background
Both parties stipulate that the facts are not in dispute. Plaintiff, a registered Republican, filed suit seeking to “open” the Democratic Party’s primary election for the office of Broward County Commissioner for District 7. The plaintiff relies on the Universal Primary Amendment (“UPA”), which amended Art. VI, § 5 of the Florida Constitution to read: “If all candidates for an office have the same party affiliation and the winner will have no opposition in the general election, all qualified electors, regardless of party affiliation, may vote in the primary elections for that office.” Art. VI, § 5(b), Fla. Const.
The Democratic Party’s primary for the office of Broward County Commissioner was held on August 14, 2012. The primary ballot contained the names of the three candidates who filed legally-sufficient qualifying papers with the Broward County Supervisor of Elections. These duly-qualified candidates who were seeking the Democratic Party’s nomination were: Ken Keechl, Charlotte E. Rodstrom, and Timothy M. “Tim” Ryan. The Supervisor of Elections also qualified two write-in candidates for the office of Broward County Commissioner for District 7; both write-in candidates will be represented by a blank line on the ballot for the general election. These qualified write-in candidates are: Democrat Clifford Swearingen, and Republican Jessica Heinecker.
Mr. Ryan won the Democratic Party’s nomination and was certified as the Democratic Party’s nominee. His name will appear on the ballot for the general election. The general election will be held on November 6, 2012, in which all duly-registered electors in Broward County may vote for either Mr. Ryan, or for one of the two write-in candidates. The candidate who receives the highest number of votes in the general election, be it Mr. Ryan or one of the two write-in candidates, will be elected to the office of Broward County Commissioner for District 7.
The plaintiff, Mr. Telli, filed suit to open the Democratic Primary to all registered voters, arguing that a “write-in” candidate being represented by only a blank line is not sufficient opposition for the purposes of the UPA. The trial court dismissed his suit, with prejudice; and this appeal followed. Although the fact that the Democratic Primary was held in August renders this issue moot, we nonethe *1286 less accept jurisdiction in this case because the issue is one of great public importance, is capable of repetition, and otherwise might evade review. See Wexler v. Lepore, 878 So.2d 1276, 1280 (Fla. 4th DCA 2004) (citing Holly v. Auld, 450 So.2d 217, 218 (Fla.1984)).
II. Analysis
The Universal Primary Amendment was passed in the 1998 general election and amended Article VI, section 5 of the Florida Constitution to read: “If all candidates for an office have the same party affiliation and the winner will have no opposition in the general election, all qualified electors, regardless of party affiliation, may vote in the primary elections for that office.” Art. VI, § 5(b), Fla. Const. The purpose of this amendment was to “allow all registered electors to vote in a primary election where all of the candidates for the office have the same party affiliation and where the winner will not be opposed in the general election.” See Comments to 1998 Amendment, Art. VI, § 5, Fla. Const. This amendment addressed concerns that “[m]embers of the minority party, as well as members of minor parties and those with no party affiliation, would not have the opportunity to participate in the electoral process.” Id. (emphasis added).
In order for a primary to be “opened” under the UPA, two requirements must be met: (1) all candidates for the office must have the same party affiliation; and (2) the winner of the primary will have no opposition in the general election. Art. VI, § 5(b), Fla. Const. Mr. Telli’s argument fails both requirements because (1) of the five candidates seeking the office of Broward County Commissioner for District 7, four are registered Democrats and one is a registered Republican; and (2) a write-in candidate qualifies as “opposition” under the UPA. The question of whether a “write-in” candidate triggered the opening of a primary election under the UPA was recently answered by the United States District Court for the Southern District of Florida in Lacasa v. Townsley, No. 12-12432-CIV, — F.Supp.2d -,-, 2012 WL 3276965 at *9-*12 (S.D.Fla. July 25, 2012). This court concludes that the Southern District was correct in holding that the language of the UPA is “unambiguous” and that write-in candidates are both “candidates” and “opposition” within the meaning of the UPA’s unambiguous language.
We agree with the opinion in Lacasa. Florida’s statutory definition of “candidate” includes write-in candidates. § 97.021(5)(b), Fla. Stat. (2012) (“‘Candidate’ means any person to whom any one or more of the following applies: ... (b) Any person who seeks to qualify for election as a write-in candidate.”). Based on the write-in candidates’ status as “duly-qualified” candidates, and based on their respective party affiliations:
[T]he first clause of the [UPA] compels the outcome of this case: “If all candidates for an office have the same party affiliation....” Here, [one write-in candidate is a registered Democrat, and the other is a registered Republican], Consequently, all candidates for the office ... do not have the same party affiliation, because there are [four] registered Democrats and one registered Republican. ... [T]he [UPA] would not work to open the Democratic Primary to all voters.
See Lacasa, — F.Supp.2d at-, 2012 WL 3276965 at *10 (quoting Art. VI, § 5, Fla. Const.) (emphasis original). Put another way: Because write-in candidates are “candidates,” and because the write-in candidates in this case do not have the same party affiliation, then “all candidates *1287 for [the] office [do not] have the same party affiliation.” Art. VI, § 5, Fla. Const. Accordingly, the trial court’s order dismissing Mr. Telli’s complaint with prejudice is affirmed.
Mr. Telli asks this court to construe the TJPA consistent with the will and intent of the framers and voters, which he argues is that all qualified voters be permitted to cast a meaningful vote for viable candidates, and that write-in candidates are not viable candidates who should be considered “opposition” under the UPA. The language of the UPA, however, is clear and unambiguous. We again note that the write-in candidates in this case are considered “candidates” by the Florida Statutes, and they met all qualifying requirements to be considered write-in candidates. See §§ 97.021(5)(b) & 99.061, Fla. Stat. (2012).
With regards to the viability of write-in candidates, and like the court in Lacasa, we also hold that:
[This] Court will not consult a crystal ball to determine when and whether a given write-in candidate constitutes “real” or mere illusory opposition. The question is not whether [the write-in candidates] will likely prevail in the general election over the winner of the Democratic Primary (or even garner a significant percentage of the vote), but whether, under the current framework set forth by the Florida Constitution, they could.
Lacasa, — F.Supp.2d at-, 2012 WL 3276965 at *11 (emphasis original). Under the current framework, a write-in candidate could prevail in the general election, provided he or she receives the most votes.
Current election laws also effectuate the stated purpose of the UPA by giving all registered voters an opportunity to participate in the electoral process. See Comments to Art. VI, § 5, Fla. Const, (commenting the amendment was drafted to address the concern that “[m]embers of the minority party, as well as members of minor parties and those with no party affiliation, would not have the opportunity to participate in the electoral process ”) (emphasis added). Come November 6th, all duly-registered voters will have the opportunity to participate in the electoral process by voting for either the winner of the Democratic Primary or one of the write-in candidates; and the candidate receiving the most votes in the general election will be elected to the office of Broward County Commissioner.
The viability of the candidates for the office of Broward County Commissioner will be decided by the voters, not by this court. The UPA’s clear and unambiguous language, as well as the comments thereto, dictate that it is not the role of this court to declare the futility of these (or any) candidacies for elected office. That role is reserved by the voters who will cast ballots in the coming general election. This court is also not prepared to proclaim that any duly-qualified candidate, write-in or otherwise, constitutes “no opposition” for the purposes of the Florida Constitution. For this court to hold that it has the authority to decide which duly-qualified candidates do (or do not) constitute “opposition in the general election” would be contrary to the electoral process. Accordingly, the trial court’s order dismissing Mr. Telli’s complaint with prejudice is affirmed.

Affirmed.

STEVENSON and CONNER, JJ., concur.