DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**TYRON FRANCOIS,**
as candidate for Broward County Commission District 2,
Appellant,

v.

**JENNIFER BRINKMANN,** an individual, **RICO PETROCELLI,** an
individual, and **DR. BRENDA C. SNIPES,** in her official capacity as
Supervisor of Elections of Broward County, Florida,
Appellees.

No. 4D14-2739

[September 10, 2014]

Appeal of an non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No.
CACE14-012324 (09).

Mark Herron, J. Brennan Donnelly, and Robert J. Telfer III of Messer
Caparello, P.A., Tallahassee, and Robert C.L. Vaughan of Kim Vaughan
Lerner, LLP, Fort Lauderdale, for appellant.

Daniel S. Weinger, William R. Scherer and Michael E. Dutko, Jr. of
Conrad & Scherer, LLP, Fort Lauderdale, for appellees.

PER CURIAM.

This appeal arises from a trial court order declaring that Tyron Francois
was not a qualified write-in candidate for the office of Broward County
Commissioner for District 2 and opening the Democratic Primary for that
office to all registered District 2 voters. At issue is whether a statute can
impose a residency requirement for placement on the ballot that differs
from the Florida Constitution's residency requirement for the office of
county commission. We agree with Francois that section 99.0615, Florida
Statutes (2014), is unconstitutional, and the circuit court improperly
removed him from the ballot for the general election. We also agree that
the circuit court's injunction opening the Democratic primary to all
registered District 2 voters was improper.

*Factual Background and Trial Court Proceedings*

Five candidates for Broward County Commissioner for District 2, all Democrats, qualified to have their names printed on the ballot for the August 2014 primary election. No Republican or Independent candidates filed qualifying papers. Francois, a sixth candidate and also a Democrat, filed qualifying paperwork to run as a write-in candidate. As a duly qualified write-in candidate, a blank space on the ballot for the November 2014 general election would have been provided to allow voters to write in Francois's name as their vote for the county commissioner to serve District 2.[1] Francois's status as a qualified write-in candidate would constitute "opposition," as that term has been interpreted in relation to the Universal Primary Amendment (UPA), Article VI, section 5(b) of the Florida Constitution, thus requiring that the primary election be closed.[2] *See Telli v. Snipes*, 98 So. 3d 1284 (Fla. 4th DCA 2012).

Appellee Brinkmann, a resident voter, filed a complaint in the circuit court, alleging that Francois was not properly qualified to be a write-in candidate because he did not physically live within the boundaries of the district as required by section 99.0615, Florida Statutes (2014). Brinkmann also sought an order forcing the primary election to be opened to all voters pursuant to the UPA. Francois conceded below, as he does on appeal, that he did not live in the district at the time he filed papers to qualify as a write-in candidate. However, he contends that section 99.0615 is facially unconstitutional because it conflicts with the Florida Constitution and violates equal protection. After an evidentiary hearing, the circuit court found that section 99.0615 is constitutional and disqualified Francois as a write-in candidate. The circuit court also entered an injunction that opened the primary election to all registered voters.[3]

---

[1] Pursuant to section 99.061(4)(b), Florida Statutes (2014), write-in candidates are granted write-in access on the ballot for the general election, irrespective of party affiliation. § 99.061(4)(b), Fla. Stat. (2014).

[2] The UPA states: "If all candidates for an office have the same party affiliation and the winner will have no opposition in the general election, all qualified electors, regardless of party affiliation, may vote in the primary elections for that office." Art. VI, § 5(b), Fla. Const.

[3] The primary election was conducted on August 26, 2014. While this Court ordered an expedited briefing schedule, the circuit court's order had the effect of removing Francois as a write-in candidate in the general election to be held on November 4, 2014. As it currently stands, the primary election for the Broward County Commissioner District 2 will be conducted concurrently with the general election on November 4, 2014, and will be open to all voters.

*Legal Analysis*

Francois argues that section 99.0615 is facially unconstitutional because it conflicts with the language of the Florida Constitution, according to supreme court interpretation, and constitutes a denial of equal protection. Francois also contends that because the circuit court's decision to issue an injunction was based on its decision to disqualify him, an error in disqualifying him makes the injunction to open the primary improper. After reviewing the circuit court's order, we are satisfied that the circuit court's decision to disqualify Francois as a candidate was the primary predicate supporting its decision to issue the injunction.

Because the issue of disqualification in this case involves interpretation of the Florida Constitution, our review is *de novo*. *Browning v. Florida Hometown Democracy, Inc. PAC*, 29 So. 3d 1053, 1063 (Fla. 2010).

Statutes regulating the conduct of elections come to the court with "an extremely strong presumption of validity." *Pasco v. Heggen*, 314 So. 2d 1, 3 (Fla. 1975) (citing *Bodner v. Gray*, 129 So. 2d 419, 421 (Fla. 1961)). Moreover, "only unreasonable or unnecessary restraints on the elective process are prohibited." *Id.* (citing *State v. Dillon*, 32 So. 383 (Fla. 1893)). The Florida Supreme Court has explained that in order to hold a legislative act unconstitutional, courts "must be convinced beyond a reasonable doubt that the act contravenes the superior law." *Mairs v. Peters*, 52 So. 2d 793, 795 (Fla. 1951).

The crux of Francois's argument is that section 99.0615 is unconstitutional because the timing of its residency requirement for write-in candidates *at the time of qualifying* conflicts with the timing of the residency requirement for county commission candidates *at the time of election* as determined by the Florida Supreme Court in decisions interpreting Article VIII, section 1(e) of the the Florida Constitution.

Article VIII, section 1(e) of the Florida Constitution states:

> Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five or seven members serving staggered terms of four years. After each decennial census the board of county commissioners shall divide the county into districts of contiguous territory as nearly equal in population as practicable. *One commissioner residing in each district shall be elected as provided by law.*

Art. VIII, § 1(e), Fla. Const. (emphasis added).  In *State v. Grassi*, 532 So. 2d 1055, 1056 (Fla. 1988), our supreme court construed the constitutional provision regarding the residency requirement for county commissioners and stated "[t]he Florida Constitution requires residency *at the time of election.*" (emphasis added).  It then held unconstitutional a statute which required a candidate for county commissioner to live in the district in which he sought to run at the time of qualification for the office.

Section 99.0615, a one-sentence statute applicable to only write-in candidates, states that: *"At the time of qualification,* all *write-in* candidates must reside within the district represented by the office sought."  § 99.0615, Fla. Stat. (2014) (emphasis added).  Thus, *Grassi* addressed an identical claim as is present in this case.

In addition to *Grassi*, Francois argues that several cases have consistently held that "[n]o statute can add to or take from the qualifications for office set forth in the Constitution."  *Norman v. Ambler*, 46 So. 3d 178, 183 (Fla. 1st DCA 2010); *see also Wilson v. Newell*, 223 So. 2d 734, 735-36 (Fla. 1969) (holding, under a previous version of the Florida Constitution, that a statute imposing an additional residency qualification for candidates for county commission was facially "unconstitutional, invalid and ineffective because it prescribes qualifications for the office of County Commission in addition to those prescribed by the Constitution").

In view of the supreme court's decision in *Grassi,* we are "convinced beyond a reasonable doubt that the act contravenes the superior law." *Mairs*, 52 So. 2d at 795.  We hold that section 99.0615, Florida Statutes (2014), is facially unconstitutional because the timing of its residency requirement for write-in candidates conflicts with the timing of the residency requirement for county commission candidates as established by Article VIII, section 1(e) of the Florida Constitution.  Because we determine that section 99.0615 is facially unconstitutional, we do not address the equal protection argument raised.  Thus, we reverse the circuit court's order disqualifying Francois as a valid write-in candidate for office.  We also reverse the injunction entered by the trial court opening the primary election to all voters.  We remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER, GROSS and CONNER, JJ., concur.

4

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*