IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANIEL JOHN MATTHEWS,

      Appellant,

v.

MICHAEL STEINBERG,
CRAIG LATIMER, in his Official
Capacity as Supervisor of
Elections of Hillsborough County,
Florida, DEBORAH CLARK, in
her Official Capacity as
Supervisor of Elections of
Pinellas County, Florida, and
KEN DETZNER, in his Official
Capacity as Secretary of the State
of Florida, Department of State,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3477

_____/

Opinion filed October 16, 2014.

An appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

Harry O. Thomas, Christopher B. Lunny, and Laura M. Dennis of Radey Law Firm, Tallahassee, for Appellant.

Michael A. Steinberg, Tampa, J. Andrew Atkinson, General Counsel, and Ashley E. Davis, Assistant General Counsel, Florida Department of State, Tallahassee; Jewel White, Pinellas County Chief Assistant County Attorney, Clearwater; Mary Helen Farris, Hillsborough County Attorney, Tampa, for Appellees.

CLARK, J.

There is one simple fact necessary in this appeal: Daniel John Matthews sought to be a write-in candidate for the Florida House of Representatives, but he did not reside within the district he wished to represent at the time he filed his qualifying paperwork with the Division of Elections. Mr. Matthews contends he is only required to reside in the district at the time of election—not filing. Because the Florida Constitution clearly delineates a residency requirement for legislators, which a statute cannot contravene, we agree.

The Florida Constitution mandates a legislator "shall be at least twenty-one years of age, an elector and resident of the district from which elected and shall have resided in the state for a period of two years prior to election." Art. III, § 15(c), Fla. Const. This mandates residency within the district *at the time of election*. Norman v. Ambler, 46 So. 3d 178, 183 (Fla. 1st DCA 2010) (citing Miller v. Mendez, 804 So. 2d 1243, 1245-46 (Fla. 2001)). This constitutional eligibility requirement applies to every legislator—regardless of party affiliation or whether the legislator appeared on the ballot as a write-in or not.

In addition, "[a]t *the time of qualification*, all write-in candidates must reside within the district represented by the office sought." § 99.0615, Fla. Stat. (emphasis added). Thus, by statute, write-in candidates must reside within the

2

district at an earlier point than other candidates—the time of qualification. §
99.0615, Fla. Stat.

Florida law distinguishes between "constitutional eligibility for office, on
the one hand, and, on the other, a constitutionally eligible candidate's taking the
necessary, statutory steps to qualify to run for office." Norman, 46 So. 3d at 182.
Eligibility is constitutional, while qualification is statutory and concerns ballot
access matters. Id. at 182-83 (citing Levey v. Dijols, 990 So. 2d 688, 692 (Fla. 4th
DCA 2008)). The key is that such qualifications "cannot impose additional
eligibility requirements beyond those set forth in the constitution." Norman, 46
So. 3d at 183. Statutory qualification may not add to or limit constitutional
eligibility requirements. Id. Put another way: "statutes imposing additional
qualifications for office are unconstitutional where the basic document of the
constitution has already undertaken to set forth those requirements." State ex rel.
Askew v. Thomas, 293 So. 2d 40, 42 (Fla. 1974). Appellees here claim the
statutory residency requirement applicable to only write-in candidates equates to
nothing more than a statutory qualification, ballot-access step. We do not agree.

Qualification requirements, mandated by statute, include steps such as
making "a full and public disclosure of financial interests," taking an oath, and
paying filing fees or gathering constituent signatures. See § 99.061(5), (7)(a)(1)-
(2), Fla. Stat. These qualifications do not appear in the Constitution. See Art. III,

3

§ 15(c), Fla. Const. Yet as solely qualifications to obtain entry onto the ballot, they are permissible. See Norman, 46 So. 3d at 182-83; Levey, 990 So. 2d at 692-93.

Here however, the statutory residency obligation is not equivalent to such qualifications as fees, signatures, oaths, and financial disclosures. Importantly, the residency "qualification" addresses a requirement already delineated—and controlled—by express constitutional mandate. The statutory requirement directly contravenes and adds to the constitutional fiat that legislators reside in the district at the time of election. See Francois v. Brinkmann, 29 Fla. L. Weekly 1923, 2014 WL 4426359, at *3 (Fla. 4th DCA Sept. 10, 2014) (finding section 99.0615 facially unconstitutional "because the timing of its residency requirement for write-in candidates conflicts with the timing of the residency requirement for county commission candidates as established by [the Constitution]").

Appellees maintain the Legislature is permitted to make reasonable restraints on write-in candidates; and they are correct.[1] Nevertheless, a statute may not usurp the Constitution's direct expression of an eligibility requirement. Appellees also contend the requirement is permissible because it only pertains to write in candidates. See State v. Grassi, 532 So. 2d 1055 (Fla. 1988) (invalidating

---

[1] Pasco v. Heggen, 314 So. 2d 1, 3-4 (Fla. 1975) (making oaths or obtaining signatures are not unreasonable); see also Smith v. Smathers, 372 So. 2d 427, 429 (Fla. 1979) (finding legislature may "reasonably regulate[]" the write-in process to maintain "orderly and effective elections," but the legislature may not completely abolish the ability to write in a candidate).

4

residency-at-time-of-filing requirement where it applied to all candidates regardless of how they sought ballot access: payment of fees, write-in, collecting signatures, or otherwise). We find this to be a distinction without a difference. See also Francois, 2014 WL 4426359, at *2-3 (using Grassi to find section 99.0615 facially unconstitutional). The key here, again, is that the statute addresses, in a differing manner, a requirement already addressed by the Constitution. The Legislature is free to make its reasonable restraints—just not those which directly contravene explicit constitutional mandates for eligibility.

We acknowledge statutes pertaining to the conduct of elections carry "an extremely strong presumption of validity." Id. at *2 (quoting Pasco v. Heggen, 314 So. 2d 1, 3 (Fla. 1975)). To find an elections statute unconstitutional, a court "must be convinced beyond a reasonable doubt that the act contravenes the superior law." Id. (quoting Mairs v. Peters, 52 So. 2d 793, 795 (Fla. 1951)). And as was the Fourth District, we are convinced beyond a reasonable doubt. Id. at *3.

Accordingly, we find section 99.0615, Florida Statutes, facially unconstitutional.[2] We REVERSE the circuit court's order (i) finding Mr. Matthews is not a qualified candidate for office and (ii) "opening" the primary pursuant to Article VI, section 5(b), of the Florida Constitution. We REMAND for further proceedings and for the circuit court to address the issues of any necessary

---

[2] Because we find the statute facially unconstitutional, we do not address the remainder of Mr. Matthews' arguments on appeal.

special elections, including the required "closed" primary and subsequent "general" election between the winner of the primary and Mr. Matthews.

LEWIS, C.J. and MARSTILLER, J., CONCUR.