THOMAS, Justice.
The appellee filed an information in quo warranto against the appellant and secured a writ. After appellant had answered and moved to dismiss the appellee sought and obtained a judgment of ouster.
The parties stipulated that the papers to which we have referred constituted the record upon which this Court should base its decision on the propriety of the judg *323 ment so we turn now to the information and answer to ascertain the salient facts.
The appellee, “as a member of the Florida State and National Democratic Party and as Chairman of the Hillsborough County Democratic Executive Committee” represented to the Court that the appellant, in March 1950, as a prospective candidate for the office of State Democratic Executive Committeeman, signed a statement under oath pledging himself to vote for all nominees of the party, state, national and county. This oath was a condition precedent to the qualification of the appellant for the place to which he aspired. The appellant was elected and was exercising the prerogatives of the office when, in October 1952, “to the great embarrassment and shame of the Democratic party which had elected him to office” he violated his pledge by announcing to the press that he intended to support the Republican nominee for the presidency of the United States. This conduct, claimed the pleader, amounted to appellant’s forfeiting any right to the position and turned him into a usurper deserving to be expelled.
A copy of appellant’s oath was attached to the information. It shows that he obligated himself “to vote for all nominees of such [Democratic] party — National, State or County — whose names [should] appear upon the ballot at the next succeeding general election * * ” At this point, then, appellant had, when he became a candidate in the spring of 1950, promised to mark his ballot in favor of all nominees of his party in the election to be held in the fall of that year.
In his answer, filed a few days before the general election, the appellant admitted the pledge and asserted that he kept it by voting for every nominee of the party in the general election of 1950, but he denied any violation of his oath would result by reason of his voting in the impending election, in 1952, for the Republican nominees for president and vice-president of the United States.
We have given so much of the pleadings as are' necessary to a decision and they cause us immediately to concentrate on one statute of Florida, Section 102.29, Florida Statutes 1941, and F.S.A., as it was framed in 1950 when the oath was taken.
Under the law already quoted, a member of a “particular party” in order to qualify for candidacy under the standard of that party was required to swear that he would vote for all nominees of the party whose names were placed on the ballot at the “next succeeding general election”. (Italics supplied.) Appellant’s oath clearly showed that he was to be a candidate in the general primary election of 1950, and that he promised to vote for the nominees of .the party in the ensuing general election.
At the time, then, of the general election in 1952 the appellant had undertaken no obligation to do more than vote for all nominees of his party in the election of 1950, and there was no showing whatever that he had failed in that respect.
In this situation we cannot find justification to oust appellant from his position for we are dealing with the question wholly within the scope of proceedings in quo warranto. Certainly he could not be expelled for he had not violated any provision of the oath to which he subscribed.
Perhaps party loyalty and enthusiasm would wane and party objectives would suffer were a committeeman to support some of the candidates of an adverse party. But any conduct considered by the committee to be detrimental to the welfare of the party could be remedied by disciplinary action under the law enacted for the purpose, Section. 103.111, Florida Statutes 1951 and F.S.A., without resorting to proceedings in quo warranto.
In judging the propriety of quo warranto and the allied subject of disciplinary procedure we have obliquely considered the action of the legislature in 1951, after appellant subscribed to his oath and before the election at which he expressed an intention not to vote for the presidential and vice-presidential nominees. The oath was revised so that a candidate was re *324 quired only to pledge that in “the next general election” he would “vote for a majority of the nominees .of [the] party whose names shall appear upon the ballot * * *. ” (Italics supplied.) Section 99.021, Florida Statutes 1953 and F.S.A. So, obviously, appellant was not any more obligated to support more than a majority in 1952 than candidates qualifying in the primary that year, assuming he was under any duty at all once tlie 1950 election had passed. And the relaxation of the prerequisites plainly showed that in the view of the legislature the support of fewer than one hundred per cent of the nominees would not constitute a defection so long as more than fifty per cent were supported.
Curiously enough, .there is no distinction between the obligations of candidates for the various offices and those for membership on the committees although the prime purpose of the latter should be the uninterrupted furtherance of the principles and policies of their party and the promotion of its success at the polls.
It is our view that the judgment in quo warranto was erroneously entered so ft is — -
Reversed.
TERRELL, SEBRING, MATHEWS and DREW, JJ., concur.
ROBERTS, C. J., and HOLT, Associate Justice, dissent.