DREW, Justice.
The sole question presented on this appeal is the validity of that portion of F.S. § 99.021, F.S.A. requiring every candidate for nomination to any office to take and subscribe to an oath or affirmation in writing stating that he did not register as a member of any nt.herjolitical party during the two years immediately preceding the date of said oath.
Appellant, a prospective candidate who registered within the two year period, urges that such requirement is capricious, arbitrary and has no reasonable relation to any object within the competency of the State to effect and that it places an unconstitutional requirement upon his right to become a candidate for public office. The trial court upheld the validity of the statute, thereby vesting this Court with jurisdiction to review such matter on direct appeal.[1]
No useful purpose would be served by an extended opinion in this case. The principles involved are identical to and are controlled by those which were considered by this Court in Mairs v. Peters, Fla.1951, 52 So.2d 793. In that case this Court held that the requirement of the party loyalty oath under the then existing statute was a reasonable legislative regulation and did not contravene any requirements of the Federal or State Constitution. The requirement of two years’ registration within the party as a condition precedent to becoming a candidate of that party is, in our judgment, a reasonable regulation. It con *540 tributes directly to the maintenance of party loyalty and a perpetuation of the party system which the courts have universally held to be essential to the preservation and perpetuation of our political life.
The decree appealed from, being without error, is hereby
Affirmed.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS, THORNAL and O’CONNELL, JJ., concur.

. Article V, Section 4(2), Florida Constitution; Rule 2.1, subd. a(5) (a), Florida Appellate Rules, 31 F.S.A.