342 So.2d 972 (1977)
Monroe W. TREIMAN, Appellant,
v.
Edwin W. MALMQUIST et al., Appellees.
Bruce A. SMATHERS et al., Appellants,
v.
Monroe W. TREIMAN, Appellee.
STATE of Florida ex rel. Edwin W. MALMQUIST, Petitioner,
v.
Monroe W. TREIMAN, Respondent.
STATE of Florida ex rel. Monroe W. TREIMAN et al., Relators,
v.
Honorable L.R. HUFFSTETLER, Jr., Etc., Respondent.
Nos. 50692, 50731, 50854 and 50855.
Supreme Court of Florida.
February 17, 1977.
*973 Joseph C. Jacobs and Robert J. Angerer, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for Monroe W. Treiman.
Frank McClung, Brooksville, Robert L. Shevin, Atty. Gen., and Joseph W. Lawrence, II and Mary Jo Carpenter, Asst. Attys. Gen., for Edwin W. Malmquist and Bruce A. Smathers, appellees-appellants.
Frank McClung, Brooksville, for State of Florida ex rel. Edwin W. Malmquist, Petitioner.
Joseph C. Jacobs and Robert J. Angerer, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, Robert L. Shevin, Atty. Gen., and Joseph W. Lawrence, II and Mary Jo Carpenter, Asst. Attys. Gen., for State of Florida ex rel. Monroe W. Treiman, relators.
L.R. Huffstetler, Jr., in pro. per.
BOYD and KARL, Justices.
This cause comes before us on consolidated appeals from the order of the Circuit Court of the Second Judicial Circuit finding Section 105.031(4)(a), Florida Statutes, unconstitutional, original petition for writ of prohibition brought by Treiman, Bruce Smathers as Secretary of State, and the Elections Canvassing Commission, and an original petition for quo warranto filed by *974 Malmquist. We have jurisdiction pursuant to Article V, Section 3(b)(1), (b)(4), (b)(5), Florida Constitution.
The controversy sub judice arises from an election contest for the office of county judge of Hernando County, wherein Edwin Malmquist defeated Monroe Treiman, the incumbent, by six votes. Malmquist qualified to run for office on July 12, 1976, at which time he took the oath prescribed by Section 105.031(4), Florida Statutes, which requires the candidate to have been registered to vote in Florida in the last preceding general election. However, the last general election had been held November 5, 1974, and Malmquist had not registered to vote in Florida until November 14, 1974.
Treiman filed a complaint against Malmquist, the Hernando County Canvassing Board, the Secretary of State and the State Elections Canvassing Commission to contest the certification of election as provided by Section 102.161, Florida Statutes (1975), contending that Malmquist knowingly falsely represented to the Secretary of State that he was registered to vote in this state in the last preceding general election as required by Section 105.031(4)(a), Florida Statutes, and falsely signed the oath required of candidates for judicial office. Treiman requested the circuit court to adjudicate Malmquist not duly qualified to appear as a candidate for the office of county judge on the first primary ballot because of his failure to comply with the mandatory requirements of the statutes and his lack of qualifications. Treiman further prayed that the Hernando County Canvassing Board and the Elections Canvassing Commission be enjoined temporarily and permanently from certifying that Malmquist was elected county judge of Hernando County and prayed that the circuit court order the Secretary of State to certify Treiman as the duly qualified county judge.
Malmquist filed a motion to dismiss on the basis that he has violated no statute or constitutional provision which would expressly disqualify him from holding the office of county judge to which he was duly elected. The trial court dismissed the complaint with prejudice and held, to the extent Section 105.031(4) requires a candidate to be an elector of the state in the last preceding general election, it places a greater restriction than that imposed by Article V, Section 8, Florida Constitution, and, to such extent, is unconstitutional. Although dismissing the complaint filed by Treiman and, thereby, finding that Malmquist was entitled to the office to which he was duly elected by the people, the trial judge expressed grave concern over the conduct of Malmquist in knowingly making a false statement when taking the oath for judicial office.
Upon motion by Treiman, the trial court granted supersedeas allowing Treiman to remain in office until the appeal is concluded and the decision of the trial court becomes final.
Malmquist then filed a petition for writ of quo warranto in the Circuit Court in and for Hernando County to oust Treiman from the office of county judge which Malmquist contended Treiman was illegally and unlawfully holding. The State of Florida, on the relation of Treiman, the Secretary of State and the Elections Canvassing Commission, filed a petition for writ of prohibition seeking to prohibit Judge Huffstetler, of the Fifth Judicial Circuit, from proceeding further on Malmquist's petition for writ of quo warranto. This court issued a rule nisi in prohibition directing Judge Huffstetler to refrain from exercising any further jurisdiction in the quo warranto proceeding or to show cause why the suggestion should not be granted.
Malmquist has now filed in this court a petition for writ of quo warranto to oust Treiman from the office of County Judge of Hernando County.
Section 105.031(4), Florida Statutes, provides:
"Oath of office.  All candidates for judicial office shall subscribe to an oath or affirmation in writing to be filed with the division of elections upon qualifying and in which he shall state:

*975 (a) That he was registered to vote in this state in the last preceding general election;
(b) The title of the office for which he is a candidate;
(c) That he is a qualified elector of the state and of the territorial jurisdiction of the court to which election is sought;
(d) The name of the county of his legal residence;
(e) That he is qualified under the laws of this state to hold the judicial office to which he desires to be elected;
(f) That he has not violated any of the laws of the state relating to elections or registration of electors;
(g) That he has taken the oath as required by §§ 876.05-876.10;
(h) That he has qualified for no other public office in the state, the term of which office or any part thereof runs concurrent to the office he seeks; and
(i) That he has filed with the division a sworn statement of contributions and expenditures incurred prior to the time of qualifying and since the last preceding general election."
We agree with the trial court that the subject statutory provision is unconstitutional but not on the basis that it constitutes an unconstitutional extension of constitutional requirements for qualification to judicial office. Rather, we find the statute unconstitutional for the reason that it is an arbitrary and unreasonable restraint on the election process in this state.
Although the Legislature is charged with the authority and responsibility of regulating the election process so as to protect the political rights of the people and the integrity of the political process, these regulations must be reasonable and necessary restraints on the elective process and not inconsistent with the constitution of this state. In order to assure orderly and effective elections, the state may impose reasonable controls. In Bodner v. Gray, 129 So.2d 419 (Fla. 1961), this court explained:
"The law places restraints upon all of its citizens in the exercise of their rights and liberties under a republican form of government. Such restraints have been found to be necessary in the development of our democratic processes to preserve the very liberties which we exercise. Similar restraints may lawfully be imposed upon individual candidates for public office."
The declaration of rights expressly states that "all political power is inherent in the people." Article I, Section 1, Florida Constitution. The right of the people to select their own officers is their sovereign right, and the rule is against imposing unnecessary and unreasonable disqualifications to run. cf. Ervin v. Collins, 85 So.2d 852 (Fla. 1956), wherein this court declared that:
"The lexicon of democracy condemns all attempts to restrict one's right to run for office. The Supreme Court of the United States has approved the support of fundamental questions of law with sound democratic precepts."
Unreasonable or unnecessary restraints on the elective process are prohibited. Pasco v. Heggen, 314 So.2d 1 (Fla. 1975).
Fundamental to our system of government is the principle that the right to be a candidate for public office is a valuable one and no one should be denied this right unless the Constitution or an applicable valid law expressly declares him to be ineligible. cf. Vieira v. Slaughter, et al., 318 So.2d 490 (Fla. 1st DCA, 1975). This court, in Hurt v. Naples, 299 So.2d 17 (Fla. 1974), emphasized:
"Discouragement of candidacy for public office should be frowned upon in the absence of express statutory disqualification. The people should have available opportunity to select their public officer from a multiple choice of candidates. Widening the field of candidates is the rule, not the exception, in Florida."
To determine reasonableness of the restraint or condition placed on the right to seek public office, the nature of the right asserted by the individual must be considered *976 in conjunction with the extent that it is necessary to restrict the assertion of the right in the interest of the public. Jones v. Board of Control, 131 So.2d 713 (Fla. 1961).
The statute sub judice requires that candidates for judicial offices subscribe by oath to the fact that they were registered to vote in this state in the last preceding general election. For those persons who were possessed of all of the qualifications of electors prior to the closing of the registration books preceding the last general election and who actually registered to vote in this state in that election, the statute poses no problem. However, it effectively forecloses the candidacy of all of those otherwise qualified persons who, because of age, illness, residence or other reason, failed or were unable to register to vote in a time period somewhere in the past.
We find that Section 105.031(4)(a) does not serve any reasonable or legitimate state interest. It does not in any way protect the integrity of the election process or purity of the ballot; it does not serve to keep the ballot within manageable limits, cf. Lubin v. Parrish, 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974), Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), Pasco v. Heggen, supra; nor does it serve to assure orderly and effective elections; it does not serve to maintain party loyalty and perpetuate the party system, cf. Crowells v. Petersen, 118 So.2d 539 (Fla. 1960). The barrier it erects is an unnecessary restraint on one's right to seek elective office. Noteworthy is the fact that this restriction applies solely to candidates for judicial office. No such similar restraint is placed on candidates for any other political office.
For the foregoing reasons, we find Section 105.031(4)(a) unconstitutional. Since Malmquist was qualified for the position of county judge and was successful in the election for that position, he is entitled to the office.
We affirm the judgment of the trial court dismissing the complaint filed by Treiman against Malmquist, the Hernando County Canvassing Board, the Secretary of State and the Elections Canvassing Commission.
However, this does not dispel the problem of Malmquist's false swearing in making the oath for judicial office since, at the time he took the oath, the statute was in force and effect. Relative to this point, we adopt the rationale of the trial judge as expressed in his order dismissing the complaint, as follows:
"[T]he Court has grave concern with respect to the fact that the defendant Malmquist did, in fact, make a false statement when taking the oath prescribed for candidates for judicial office. Acts of the Legislature are deemed lawful and constitutional until declared otherwise by a Court of competent jurisdiction. Public officials are charged with the duty and obligation of complying with the law and we believe that this should be especially true with respect to those who seek judicial office. It is the opinion of this Court that the defendant Malmquist had an appropriate remedy to seek a determination of the constitutionality of the statute involved and that as a citizen, and especially as a candidate for judicial office, he had an obligation to comply with the law and to meet all of its requirements. This, in our opinion, he failed to do and it may be that he has thereby subjected himself to other action by lawful and constituted authority. The judgment and opinion of this Court is rendered without prejudice to the consideration of the facts of this cause by the Judicial Qualifications Commission, or other lawful authority, to determine the qualifications of the defendant Edwin W. Malmquist to hold the office of County Judge of Hernando County, Florida."
The action of the trial judge in granting the motion for supersedeas which allowed Treiman to remain in office until this appeal is concluded is approved. Therefore, we hold that Treiman's holding over as county judge until the effective date of this opinion was lawful.
*977 In view of the necessity for expediency in this matter, the privilege of filing rehearing is dispensed with and this opinion shall be effective immediately.
Accordingly, the judgment of the trial court is affirmed, and the petition for writ of prohibition directed to Judge Huffstetler is granted. The petition for quo warranto is moot.
OVERTON, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.