Mr. Charles Whitehead Chairman Democratic Executive Committee Post Office Box 1758 Tallahassee, Florida 32302
Dear Mr. Whitehead:
This is in response to your request for an opinion on the following questions:
 1. MAY THE FLORIDA DEMOCRATIC PARTY REQUIRE AN OATH OF PARTY LOYALTY ON THE PART OF A CANDIDATE FOR PARTY NOMINATION FOR ELECTION TO PUBLIC OFFICE AS A PREREQUISITE TO QUALIFICATION BY SAID CANDIDATE FOR SUCH NOMINATION AND ELECTION?
 2. IF THE ANSWER TO THE FOREGOING QUESTION IS IN THE AFFIRMATIVE, MAY THE PARTY REMOVE A CANDIDATE FOR NOMINATION OR A PARTY NOMINEE FROM THE BALLOT FOR KNOWING VIOLATION OF SUCH AN OATH?
 3. IF THE ANSWER TO THE INITIAL QUESTION IS IN THE AFFIRMATIVE, MAY THE PARTY PROHIBIT A PERSON FROM QUALIFYING FOR ANY PARTY NOMINATION BASED ON A VIOLATION BY SAID PERSON OF A DULY-EXECUTED LOYALTY OATH IN CONJUNCTION WITH A PRIOR ELECTION?
Your inquiry notes that the Democratic Executive Committee of Florida is in the process of adopting a new charter and new bylaws which will govern Democratic Party affairs at all levels within the state. Given the emergence of a true two-party system in Florida, you feel that it is important to have the tools necessary to insure and enforce party fealty on the part of those who represent your party in all phases of its activities, including party nominees for public office. As such, you contemplate the inclusion of an oath of party loyalty in your bylaws.
Section 6 of your proposed charter would provide the following:
 Loyalty Oath: Members of the Florida Democratic Party, including all official Party committees, commissions, bodies, clubs, officers, Democratic elected officials, and candidates running for the Democratic Party's nomination, shall, before taking office, or in the case of a candidate running for the Party's nomination, at the time of filing to run, establish by written oath or affirmation the loyalty oath in the form included in the Bylaws of this Charter. Said oath or affirmation may be changed in the same way as provided by amending the Bylaws. (e.s.)
This proposed loyalty oath would read as follows:
 I, , having been duly sworn, say that I am a member of the Democratic Party; that I am a qualified elector of County, Florida; that during my term of office, I will not support the election of the opponent of any Democratic nominee nor will I oppose the election of any Democratic nominee; that I am qualified under the Constitution and Laws of the State of Florida and the Charter and Bylaws of the Florida Democratic Party to hold the office I am seeking, or to which I have been elected; that I have not violated any of the laws of the State of Florida relating to elections or the Charter and Bylaws of the Florida Democratic Party. (e.s.)
Your letter states that questions have been raised concerning the party's ability to impose the affirmation of this oath on would-be candidates for party nomination to public office as a prerequisite to qualifying for election. These questions are predicated on the lack of specific statutory authority for this additional precondition for qualification. Furthermore, you are unsure as to the scope of the party's disciplinary authority over a nominee or would-be nominee who violates, or who has violated, such an oath.
I must initially note that our office does not normally answer requests for opinions that relate to party politics; however, in this instance it is appropriate to respond to your request since it deals with a requirement made of candidates for nomination or election to public office, as well as candidates for election to a political party executive committee as provided by law. Moreover, a political party's executive committee is a creature of statute, and since the Legislature has chosen to enact as part of the state's election laws a statute specifically describing the oath requirements for candidates for political party nominations and for election to political party executive committees, it is appropriate to render an opinion to you on your statutory duties and authority. See, ss 99.021, 103.091, 103.121, 103.131, 103.141, 103.151, F.S.; see also, Platt v. Lanier, 127 So.2d 912, 913 (2 D.C.A.Fla., 1961) (holding that a county executive committee is purely a creature of statute, and all its functions and powers are derived thereby).
Section 99.021(1)(a), F.S., requires each party candidate, in order to qualify for nomination or election to any office other than a judicial office, to take and subscribe to an oath or affirmation in writing substantially in the form prescribed therein. In addition, paragraph (b) provides that any person seeking to qualify for nomination as a candidate of any political party is required, at the time of subscribing to the prescribed oath or affirmation, to state in writing:
1. The party of which he is a member.
 2. That he is not a registered member of any other political party and has not been a candidate for nomination for any other political party for a period of 6 months preceding the general election for which he seeks to qualify.
 3. That he has paid the assessment levied against him, if any, as a candidate for said office by the executive committee of the party of which he is a member.
The provisions of subsection (1) of s 99.021, F.S., apply with equal force and effect to, and shall be the oath required of, a candidate for election to a political party executive committee office, as provided by law, and to any person filling a vacancy on a political party executive committee. Section 99.021(2), F.S.
Section 99.021, F.S., does not provide for or authorize the proposed party loyalty oath which is described above. Our office is unable to write into the statute any additional eligibility requirements or qualifications to become a candidate of a political party for nomination or election to any public office; our office cannot legislate, and cannot by interpretation add something to s 99.021 which it does not contain.[1] See, Platt v. Lanier, supra. While such a loyalty oath[2] might well further the goals of party loyalty, it is up to the Legislature to add authorization for such an oath to the statute, and it is not within the power of our office to do so.
It is fundamental to our system of government that the right to be a candidate for public office is a valuable one and no one shall be denied the right unless the State Constitution or an applicable valid law expressly declares him to be ineligible. Treiman v. Malmquist, 342 So.2d 972 (Fla. 1977); see also, Hurt v. Naples,299 So.2d 17 (Fla. 1974) (holding that denial of candidacy should be based on an express legislative provision for ineligibility and further that ineligibility for office cannot be judicially prescribed by implication). By the same token, it is not within the province or authority of this office to write into s 99.021, F.S., any additional eligibility requirements or qualifications to become a candidate of any political party for nomination or election to any public office.
Accordingly, your first question is answered in the negative; no response is necessary to your second and third questions, since your first question was answered in the negative.
In summary, the Democratic Executive Committee of Florida is not authorized by statute to require an oath of party loyalty on the part of a candidate for party nomination for election to public office as a prerequisite to qualification by said candidate for such nomination and election.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General
[1] Compare, ss 103.141 and 103.151 (empowering state and county executive committees to remove executive committee members for violation of oath of office). I have found no statutory provision which authorizes similar disciplinary action against a candidate for nomination who violates a fealty oath.
[2] A fealty oath similar to that which you propose was a part of s 99.021, F.S., and its predecessor legislation in past years. Several judicial decisions indicate that such a requirement of candidates for party nominations is permissible, while one recent decision indicates that such a fealty oath might infringe federal First Amendment rights. See, Mairs v. Peters, 52 So.2d 793
(Fla. 1951) (upholding as a reasonable legislative regulation the party loyalty requirement formerly contained in s 102.29, F.S. 1949); Coles v. Robb, 69 So.2d 322 (Fla. 1954) (construing the 1951 amendment to s 102.29, renumbered at that time as s 99.021); cf., Crowells v. Petersen, 118 So.2d 539 (Fla. 1960) (upholding that portion of the 1960 version of s 99.021, F.S., which required a potential nominee to swear that he had not registered as a member of any other political party for the past two years); Driver v. Adams, 196 So.2d 916 (Fla. 1967) (upholding the 1967 version of s99.021, F.S., which, inter alia, required a candidate for party nomination to pledge to vote for 90% of the opposed candidates of such party). Cf., Bowden v. Carter, 65 So.2d 871 (Fla. 1953) (upholding the party fealty oath requirement of former s 101.111, F.S. 1951, as applied to a registered voter in a party primary). But cf., Abrams v. Reno, 452 F. Supp. 1166 (S.D.Fla., 1978), aff'd, 649 F.2d 342 (5th Cir. 1981), cert. den.,455 U.S. 1016 (1982) (holding former s 103.091[6], F.S. 1978, an unconstitutional abridgement of the associational rights of the Dade County Democratic Party since it prohibited such a committee from endorsing or opposing any candidate of its political party who sought nomination in any primary election). I also note that Ch. 83-242, Laws of Florida, repealed s 103.091(7), F.S. (as subsection[6] was subsequently renumbered).