Mr. Thomas J. Schwartz Attorney South Florida Water Management District 3301 Gun Club Road Post Office Box V West Palm Beach, Florida 33402-4238
Dear Mr. Schwartz:
This is in response to your request, in your capacity as attorney for the governing board of the South Florida Water Management District, for an opinion on substantially the following question:
 DOES s. 5(a), ART. II, STATE CONST., PROHIBIT A MEMBER OF THE GOVERNING BOARD OF THE BIG CYPRESS BASIN (A SUBDISTRICT OF THE SOUTH FLORIDA WATER MANAGEMENT DISTRICT) FROM SIMULTANEOUSLY HOLDING OFFICE AS MAYOR OF A MUNICIPALITY IN THIS STATE?
Your letter of inquiry also alludes to an issue concerning s.99.012(2) and (5), F.S., the Resign-to-Run Law. In view of the power of the Division of Elections of the Department of State to render advisory opinions, see, s. 106.23(2), F.S., it is the policy of this office to refer all questions concerning the Elections Code, Title IX, Chs. 97-107, F.S., to the Division for its response. See, AGO 80-16. However, this office can respond to the dual officeholding question posed by your letter; for the following reasons, it is my opinion that this question should be answered in the negative.
As your letter states, the Big Cypress Basin [hereinafter "Basin"] is a subdistrict of the South Florida Water Management District pursuant to s. 373.0693(9), F.S. Members of the Basin's governing board are appointed by the Governor, subject to confirmation by the Senate, and serve without compensation for their services. See, s. 373.0693(5) and (9), F.S. A member of the Basin's governing board has declared his candidacy for mayor of a municipality and thus, you ask whether that person can simultaneously hold the office of mayor without violating s. 5(a), Art. II, State Const. I am assuming that he is seeking that office in a Florida municipality.
Section 5(a), Art. II, State Const. provides:
SECTION 5. Public officers. —
 (a) No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (e.s.)
Applying the second sentence of paragraph (a) above, the pertinent issue is whether both the positions described in the instant inquiry constitute offices under (1) "the government of the state," or (2) "the counties" or (3) "municipalities" in this state. While the office of mayor is an office under the government of a municipality, see, AGO's 76-92 and 84-90, and thus an office within the purview of s. 5(a), Art. II, State Const., the position of member of the Basin's governing board, as a "district office," is not covered by the prohibition in s. 5(a). Rather, the rule relied upon in AGO 84-72 and numerous other Attorney General Opinion's controls: District officers, as officers of special districts, that is, entities created by law to perform a special governmental function, are not covered by the constitutional prohibition against dual officeholding.
See also, AGO's 80-16; 78-74; 75-153; 75-60; 73-47; 71-324; 69-49. But compare, AGO 74-50 which, although decided on other grounds, appears to imply that s. 5(a), Art. II, applies to water management district governing board and to subordinate water basin board; to the extent that the views expressed in AGO 74-50 are inconsistent herewith they are hereby receded from.
As noted above, the office of member of the Basin's governing board is an office of a "subdistrict" pursuant to s. 373.0693(9), F.S. See also, s. 373.069(1)(e), F.S., creating the South Florida Water Management District of which the Basin is a part. While there is general statutory authority for the Department of Environmental Regulation to exercise general supervision over all water management districts, see, s. 373.026(7), F.S.; see also, s.373.114, F.S. (Land and Water Adjudicatory Commission's authority over water management districts) and AGO 77-95; the Basin was created by the Legislature to be part of a water management "district" and to fulfill the purpose of a special district. See, AGO 84-21 (a state office is an agency and component of state government whose jurisdiction extends to every part of the state; a district is a defined portion or subdivision of the state for special and limited governmental purposes and the district and its officers, unless legislatively declared to be or designated as agencies of the state, are separate and apart from and are not state agencies); AGO 85-103. See also, ss. 165.031(5),200.001(8)(c) and 218.31(5), F.S., defining "special district" as a unit of special government created pursuant to general or special law for purpose of performing prescribed specialized functions within limited boundaries. Moreover, the Basin's fiscal character is that of a special taxing district. See, s. 373.0697, F.S.; AGO's 77-17; 77-93. And see, s. 20.261, F.S., which, in creating the Department of Environmental Regulation and in establishing its structure does not provide for water management districts as a part of the department. Such districts therefore do not appear to be part of the executive branch of state government; rather, they and their subdistricts are special districts, entities created by the Legislature to provide specific services in a limited area. Attorney General Opinions 84-21; 80-16. Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919); cf., Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566 (Fla. 1951) (Constitution did not contemplate that district officers *2324 were to be treated as state or county officers for election or appointment purposes).
Therefore, it is my opinion that a member of the Basin's governing board, as a "district officer," is not covered by the ban on dual officeholding contained in the second sentence or clause of s. 5(a), Art. II, State Const. This interpretation is in accord with the rule that the right to hold office should not be curtailed except as expressly provided by constitutional or statutory law. Treiman v. Malmquist, 342 So.2d 972 (Fla. 1977); AGO 71-324. The rule that provisions which impose disqualifications from candidacy for elective office are to be strictly construed applies with equal force to provisions prohibiting dual officeholding; such prohibitory provisions should not be extended by implication beyond those offices expressly mentioned, and should be construed, where ambiguity exists, in favor of eligibility. Attorney General Opinion 71-324; Ervin v. Collins, 85 So.2d 852 (Fla. 1956); Vieira v. Slaughter, 318 So.2d 490 (1 D.C.A. Fla., 1975), cert. den.,341 So.2d 293 (Fla. 1976); 63A Am.Jur.2d Public Officers and Employees s. 39.
Moreover, I do not perceive the common-law rule on incompatible offices to be operative in this instance. The purpose of that doctrine is to prevent a public officer from holding incompatible offices at the same time and is in effect in this state notwithstanding the existence of a constitutional prohibition on the same subject. See, s. 2.01, F.S.; AGO's 84-72; 80-16; 73-359; Gryzik v. State, 380 So.2d 1102 (1 D.C.A. Fla., 1980). I am not aware of, nor have you brought to my attention, any conflict between the duties and functions of the two offices described above and neither is subordinate to the other in any way of which I am aware. Cf., AGO's 84-72; 75-60; 70-46. Additionally, my review of s. 373.0693, F.S., did not reveal anything to prohibit a member of a Basin board from also serving as mayor of a municipality. However, the member should review pertinent statutes, and the ordinances and charter of the municipality in question, to verify that they contain no such prohibition.
In summary, until legislatively or judicially determined otherwise, it is my opinion that s. 5(a), Art. II, State Const., does not prohibit a member of the governing board of the Big Cypress Basin from simultaneously holding office as a municipal mayor in this state, since the member is a "district officer" and as such, is not covered by the terms of the constitutional prohibition against dual officeholding; moreover, the common-law rule on incompatible positions is inapplicable in this instance since there is no apparent conflict between the duties and functions of the two positions and neither position is subordinate to the other.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General