Dear Mr. Zonka:
You have asked for my opinion on substantially the following question:
Does service on the Brevard County Investment Committee and the Valkaria Airport Advisory Board by an elected municipal council member violate the dual office-holding prohibition contained in Article II, section 5(a), Florida Constitution?
According to your letter, you were elected in November 2007 to serve a three-year term as a council member in the City of Palm Bay, Florida. Prior to your election you were appointed to two county boards: the Brevard County Investment Committee and the Valkaria Airport Advisory Board. You have asked whether simultaneous service in these three positions would violate the constitutional prohibition against holding multiple offices.
Article II, section 5(a), Florida Constitution, provides that:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, . . . constitutional convention, or statutory body having only advisory powers."
This provision of the Florida Constitution prohibits a person from simultaneously holding more than one "office" under the state, county, or municipal governments. The prohibition applies to both elected and appointed offices.[1]
The Constitution contains no definition for the terms "office" or "officer" for purposes of the dual office-holding prohibition. However, Florida courts and this office have advised that it is the nature of the powers and duties of a particular position that determines whether it is an "office" within the scope of the dual office-holding prohibition or an "employment" outside the scope of the provision.[2] As the Florida Supreme Court has stated, an office "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office[.]"[3] The term "office" embraces the idea of tenure, duration, and duties in exercising a portion of the sovereign power, conferred or defined by law and not by contract, whereas an "employment" does not "comprehend a delegation of any part of the sovereign power."[4]
Service on the governing body of a governmental entity, such as a city or county, clearly constitutes an office.[5] Thus, as an elected council member in Palm Bay, you are an officer for purposes of the constitutional provision. The issue, then, is whether your membership on either the Brevard County Investment Committee or the Valkaria Airport Advisory Board is an office.
Article II, section 5(a), Florida Constitution, contains several exceptions to the prohibition against dual office-holding including, specifically, "statutory bod[ies] having only advisory powers." This exception has been the subject of interpretation both by the courts and by the Attorney General's Office. However, the majority of these opinions have focused on the nature of these bodies as advisory bodies rather than on an interpretation of the term "statutory" as it is used in this constitutional provision.[6]
The term "statutory" is defined to mean "[o]f or relating to legislation[.]"[7] and "enacted, created, or regulated by statute."[8] These definitions do not limit "statutes" to legislation enacted solely by the State Legislature, but appear to include within the scope of the term enactments by other lawmaking bodies such as municipalities and counties.[9] Thus, it would appear that a county advisory board could be considered a "statutory body having only advisory powers" within the constitutional exception if it has been created by legislative enactment of the governing body.
While my research has revealed no case law on this question and the area is not completely free from doubt, it is a generally established principle that the right to hold office is a valuable one which should not be curtailed in the absence of plain provisions of law.[10] Thus, if ambiguity exists in construing provisions limiting the right to hold office, those provisions should be construed in favor of eligibility. In light of this principle, this office would read the term "statutory" for purposes of the constitutional dual office-holding prohibition to include advisory bodies created by local legislative enactment.
A recent Attorney General's Opinion, while not specifically speaking to the "statutory" nature of the office, concluded that a member of a town commission could serve on a town committee with purely advisory or ministerial duties without violating the dual office-holding prohibition. In Attorney General's Opinion 2005-59, this office reviewed the duties and nature of the committee upon which the commissioner was serving and concluded:
"[A] member of the town commission may serve on a town committee that has purely advisory duties or ministerial duties to carry out decisions previously made by the commission [without violating the dual office-holding prohibition]. The latter would appear to be more in the nature of an employment, since exercising ministerial duties would not rise to the level of exercising a sovereign power or independent authority of a governmental nature. However, town committees that are given the authority to make factual determinations, review permit applications, issue permits, grant variances, or impose fines exercise sovereign powers that would make them offices for purposes of the dual officeholding prohibition."
Thus, the opinion concludes that "where a committee merely makes non-binding recommendations and has not otherwise been delegated any powers to make factual determinations or exercise any portion of the municipality's sovereign power, there would not appear to be an office subject to the dual officeholding prohibition."[11]
You have asked whether service on either the Brevard County Investment Committee or the Valkaria Airport Advisory Board would constitute an office. The Brevard County Investment Committee was created by resolution of the board of county commissioners. The resolution provides:
"The County shall have an investment committee comprised of five community volunteers. Support staff members shall consist of a representative of the Clerk to the Board and the Board of County Commissioners. The Investment Committee shall have the following responsibilities:
• Review and recommend changes to the investment policy,
• Monitor the investment transactions to ensure that proper controls are in place to maintain the integrity and security of the investment portfolio,
• Assure that any applicable statutes and written policies of the Board are being followed by investment staff,
• Review and approve written investment procedures,
• Assist the Board in developing performance benchmarks and evaluating performance of the investment strategy,
• Evaluate new or alternative investment strategies,
• Discuss such topics as economic outlook, portfolio diversification, maturity structure, potential risks and the target rate of return for the investment portfolio, and
• Report regularly to the Board."[12]
My review of these responsibilities leads me to conclude that this is a volunteer advisory body, not an office for purpose of the dual office-holding provision of the Florida Constitution.
Similarly, the duties of the Valkaria Airport Advisory Board would appear to be advisory. The board is created by resolution of the board of county commissioners and as the authority and duty to:
"(1) Provide recommendations to the County Manager or designee, and Board of County Commissioners on the Valkaria Airport annual budget (however, ultimate budget approval and funding rests solely in the discretion of the Board of County Commissioners);
(2) Provide recommendations to the County Manager or designee, and Board of County Commissioners, on amendments to, or adoption of, an airport layout plan or airport master plan;
(3) Provide recommendations to the County Manager or designee, and Board of County Commissioners, on development of appropriate lease restrictions and covenants for property located within the airport;
(4) Provide recommendations to the County Manager or designee, and Board of County Commissioners, on development and amendment of rules and regulations relating to activities on the airport, and;
(5) Review and provide recommendations to the County Manager or designee, and board of County Commissioners on any issue or subject referred to the VAAB by the County Commission which matter may be related to the Valkaria Airport."[13]
Because the duties of the board appear to be solely advisory and the board has been created by formal legislative action, it is my opinion that service on the Valkaria Airport Advisory Board would not constitute an office for purposes of Article II, section 5(a), Florida Constitution.
In sum, the Brevard County Investment Committee and the Valkaria Airport Advisory Board appear to be statutory bodies having only advisory powers and neither of these positions would constitute an "office" for purposes of Article II, section 5(a), Florida Constitution. Thus, you may continue to serve as a City Council Member in Palm Bay, Florida, as well as a member of the Brevard County Investment Committee and the Valkaria Airport Advisory Board without violating the constitutional dual office-holding prohibition.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See, e.g., Ops. Att'y Gen. Fla. 69-2 (1969), 80-97 (1980), and 94-66 (1994).
[2] See State ex rel. Holloway v. Sheats, 83 So. 508 (Fla. 1919); Ops. Att'y Gen. Fla. 99-34 (1999) (membership on the Florida State Fair Authority constitutes an office for purposes of Art. II, s. 5(a), Fla. Const.) and 91-80 (1991) (insurance fraud investigator is "office" for purposes of dual office-holding prohibition).
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919) (term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract; and employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature). See also State ex rel. Clyatt v.Hocker, 22 So. 721 (Fla. 1897).
[4] Id.
[5] See Ops. Att'y Gen. Fla. 72-348 (1972) and 74-73 (1974).
[6] See, e.g., Ops. Att'y Gen. Fla. 99-16 (1999) (local planing commission created by county ordinance constitutes advisory body within exception for dual office-holding); 86-105 (1986) (town committee with purely advisory powers comes within dual office-holding exception); and 74-232 (1974) (county planning commission established by county ordinance and having only powers described in Part II, Ch. 163, Fla. Stat., is "statutory body having only advisory powers").
[7] "[S]tatutory," Black's Law Dictionary p. 1451 (8th ed. 2004).
[8] "[S]tatutory," Webster's New Collegiate Dictionary p. 1137 (1975).
[9] See Webster's New Collegiate Dictionary Statute p. 1137 (1975), and Black's Law Dictionary Statute p. 1448 (8th ed. 2004).
[10] See, e.g., Op. Att'y Gen. Fla. 71-324 (1971). And see Treiman v. Malmquist, 342 So. 2d 972 (Fla. 1977); Ervin v. Collins, 85 So. 2d 852
(Fla. 1956) (statutes and constitutions imposing restrictions upon the right of a person to hold office should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers); Vieira v. Slaughter, 318 So. 2d 490 (Fla. 1st DCA 1975), cert. denied, 341 So. 2d 293 (Fla. 1976). See generally 63C Am. Jur. 2d Public Officers and Employees s. 53 (any constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility). Cf. McCutcheon v St.Paul, 216 N.W.2d 137 (Minn. 1974), and Baker v. Hazen, 341 A.2d 707 (Vt. 1975) (if it cannot be clearly demonstrated that one falls within dual office-holding proscription or is in violation of its purpose, he is entitled to be held free of its prohibition).
[11] And see Ops. Att'y Gen. Fla. 96-59 (1996) (clerk of circuit court may serve on charter review commission created by resolution of county without violating dual office-holding prohibition); 86-105 (1986) (local planning agency whose function is information gathering and advising local government entity falls within exception to dual office-holding prohibition); 74-232 (1974) (town council member may serve on advisory county planning commission); and 72-179 (1972) (legislator may serve as member of ad hoc charter revision commission appointed by municipal governing body to serve in a purely advisory capacity to study and recommend changes in municipal charter).
[12] See Policy BCC 49, August 1, 2007 (included as Attachment A with opinion request letter from Milo Zonka dated February 22, 2008).
[13] See BCC Resolution 2005-178 (included as Attachment B with opinion request letter from Milo Zonka dated February 22, 2008).