Louis R. **BELLER** and New Party of
Florida, Plaintiffs,

v.

Claude R. **KIRK**, Governor of the State
of Florida, et al., Defendants.

Civ. No. 70–1021.

United States District Court,
S. D. Florida.

Oct. 26, 1970.

Louis R. Beller, Miami Beach, Fla.,
for plaintiffs.

Earl Faircloth, Atty. Gen., T. T. Turn-
bull, Roger W. Foote, Asst. Attys. Gen.,
Tallahassee, Fla., for defendants.

Before DYER, Circuit Judge, and
MEHRTENS and EATON, District
Judges.

PER CURIAM.

Plaintiffs seek injunctive and declara-
tory relief, holding unconstitutional the
Florida Election Law as amended by the
1970 Florida Legislature, being Sections
101.261, 101.262, 101.263 and 101.264.
The claim of unconstitutionality is based
upon the First and Fourteenth Amend-
ments to the United States Constitution.

A substantial question is presented
but, for reasons hereafter set forth, we
reach the conclusions that each of plain-
tiffs' contentions is without merit and
that we would not be warranted in grant-
ing any relief. Mayhue's Super Liquor
Store, Inc. v. Meiklejohn (5th Cir.
1970), 426 F.2d 142; Fowler v. Adams,
315 F.Supp. 592, U. S. District Court,
Middle District of Florida, filed July 25,
1970.

The facts necessary to decision are un-
disputed. Plaintiffs seek to require
state officials to place the "New Party"
on the ballot as a third party for the
November election; to allow the "New
Party" to designate candidates for vari-
ous state and local offices by nomination
of its Executive Committee; and to
place the name of Louis R. Beller upon
the ballot as the "New Party" candidate
for Governor of the State of Florida
along with his designated choice for
Lieutenant Governor.

The complaint alleges that Beller is a
qualified elector of the State of Florida,
meeting all residential, age and citizen-
ship requirements to serve as Governor
of the State if elected, and that he has
been nominated by the Executive Com-
mittee of the "New Party of Florida" to
be its candidate for Governor.

It is further alleged that Chapter 101
of the Florida Statutes was amended by
the 1970 Legislature by adding Sections
101.261, 101.262, 101.263 and 101.264,
which sections became effective July 1,
1970, requiring plaintiff to submit peti-
tions to the various County Commission-
ers for verification in order to supply
the Secretary of State with verified sig-

**486**

natures of three percent of the registered electors of the State of Florida. It is alleged that a majority of the states require less than one percent of the registered voters in order to get a third party on the ballot, and that the three percent in the Florida Statute discriminates against the "New Party's" rights as a minority party and Louis R. Beller's rights as a citizen, elector and candidate for office, contrary to their rights under the First and Fourteenth Amendments.

The plaintiff Beller had challenged Chapter 97.021(14) of the Florida Statutes, F.S.A. which required a petition of registered qualified electors of five percent or more of the total of the State's registered voters. Beller v. Adams (S. Ct.Fla.1970), 235 So.2d 502. The Legislature thereafter passed the statutes now under attack providing that a minority party might obtain ballot position for its nominees provided that it obtain the signatures of three percent of the registered voters of the State.

The argument is made that the number of signatures on nominating petitions required to be obtained by plaintiff Beller and the members of his class under the statute is excessive and invidiously discriminatory; that the procedure is burdensome; that it tends to favor two parties, Republicans and Democrats, and to give them a monopoly; and that although plaintiff Beller has complied with the Florida Statutes as a write-in candidate, as such, because of the use of voting machines, he is at a greater disadvantage than he was when paper ballots were in vogue.

Plaintiffs rely largely on Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed. 24, holding that the Ohio laws requiring a new party to obtain signatures of more than fifteen percent of the qualified electors of the state violated the freedom of association clause of the First Amendment and the due process and equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

■ The Florida Statutes under attack are a legitimate regulation of the "manner of holding elections" prescribed by the State as permitted by Article I, Section 4, Clause 1, of the Federal Constitution. The percentages less than fifteen percent appearing in the footnote in Williams v. Rhodes were not disapproved by the court majority, and the three percent petition requirement is well within the outer limits of the court's majority percentage suggested in Williams v. Rhodes. It is therefore reasonable, not arbitrary and not unconstitutional.

■ The State has the right and duty to establish reasonable regulations for the conduct of elections for state offices. There is no constitutional right to have one's name printed on the ballot. See Fowler v. Adams, *supra*. Plaintiff could be elected to office by a write-in vote without being a member of any political party, much less a major party. Both Fowler v. Adams, *supra*, and Wetherington v. Adams (N.D.Fla.1970), 309 F.Supp. 318, conclusively answer plaintiff's arguments with respect to equal protection and any Fourteenth Amendment due process claim based upon an assertion that the right to run for office is a "property right." Judicial notice was taken that the right to qualify as a write-in candidate may be considered to be illusory in an equal protection context but that there have been successful and near-successful write-in candidates in general elections in Florida within recent years. While not having one's name printed on the ballot may put him to some disadvantage in relation to one whose name does appear on the ballot, this does not constitute invidious discrimination, nor is it unconstitutional.

We specifically hold that the Florida Statutes here attacked are reasonable, and are not arbitrary, discriminatory or unconstitutional.

The complaint fails to state a claim upon which relief may be granted and will be dismissed with prejudice.