PER CURIAM.
Appellants seek reversal of a final judgment denying their complaint for declaratory and injunctive relief. We affirm.
Appellant Lenora Fulani, a member of the New Alliance Party, sought to be that party’s candidate for president on the write-in ballot in the November 1992 election. Appellant Maria Munoz sought to be the party’s vice-presidential candidate. Appellant John Franchville was a candidate for presidential elector pledged to New Alliance candidates Fulani and Munoz. Appellants Howard Phillips and A.W. Knight, Jr., are candidates for President and Vice President, respectively, as members of the U.S. Taxpayers Party of Florida.
Section 103.022, Florida Statutes (1991), provides as follows:
Persons seeking to qualify for election as write-in candidates for President and Vice President of the United States may have a blank space provided on the general election ballot for their names to be written in by filing an oath of the Department of State at any time after the 57th day, but before noon on the 49th day prior to the date of the first primary election in the year in which a presidential election is held. The Department of State shall prescribe the form to be used in administering the oath. The candidate shall file with the department a certificate naming the required number of persons to serve as electors. Such write-in candidate shall not be entitled to have their names on the ballot.
As applied to the November 1992 election, section 103.022 established a July 14 deadline for the filing of oaths for presidential write-in candidates; July 24th was the deadline established for all other write-in candidates.
Neither the New Alliance Party candidates nor the Taxpayer Party candidates satisfied the filing requirements of the above statute, although it is noted that the New Alliance Party candidates missed the filing deadline only by approximately two hours.
In October 1992, the appellants brought a complaint for declaratory and injunctive relief in which they argued that the fifing deadline established pursuant to section 103.022, Florida Statutes, for oaths of write-in candidates, is unconstitutional on its face and as applied. Appellants argue that this section violates both the Florida and U.S. Constitutions because it imposes an unreasonable burden on write-in candidates. Accordingly, appellant sought preliminary and permanent injunctions prohibiting enforcement of the fifing deadline as established by section 103.-022. After a hearing on the complaint and the answer thereto, the lower court issued a final judgment which denied declaratory and injunctive relief. The lower court stated that appellants had not demonstrated that the deadline chosen by the legislature through section 103.022 is unreasonable. The lower court noted that there was at least some basis in fact upon which the legislature made its decision with regards to the deadline by which write-in candidates for President and Vice President of the United States must submit their qualifying papers.
On appeal, appellants renewed the constitutional arguments made below, taking issue not with write-in requirements per se, but with the time-frame within which these requirements must be satisfied. Significantly, appellants do not identify the specific provisions of the Florida Constitution allegedly infringed upon by section 103.022. With respect to the federal constitution, appellants correctly note that federal case law imposes a balancing test when an election regulation is challenged: the extent of injury to a constitutional right versus the state’s interest to be served by the regulation. We disagree that the deadline for write-in candidates undermines First and Fourteenth Amendment rights of minor parties, minor party candi *1190 dates, or their supporters. We agree, as argued by the state, that the challenged statutory regulation is “de minimus,” and can by no stretch of the imagination be said to impose an unreasonable burden upon prospective candidates, their parties, or their supporters. Fulani v. Krivanek, 973 F.2d 1539 (11th Cir.1992), is distinguishable because write-in candidates were denied a benefit given to others — waiver of fees. In the instant case, there is no outright denial of a benefit to write-in candidates which is provided to other candidates.
The cases cited by appellants regarding the petition filing deadlines in other states are factually distinguishable and do not impose the de minimus burden which is imposed under Florida law. See, New Alliance Party of Alabama v. Hand, 933 F.2d 1568 (11th Cir.1991); Stoddard v. Quinn, 593 F.Supp. 300 (D.Me.1984); Cripps v. Seneca County Board of Elections, 629 F.Supp. 1335 (N.D.Oh.1985); Cromer v. State of South Carolina, 917 F.2d 819 (4th Cir.1990); Libertarian Party of Kentucky v. Ehrler, 776 F.Supp. 1200 (E.D.Ky.1991).
Accordingly, we find, as did the court below, that appellants have failed to demonstrate how the statute adversely affects a federal or Florida constitutional right. After carefully reviewing the record, and the briefs of the parties, we find no basis for reversal. Accordingly, the order under review is AFFIRMED.
SMITH, ALLEN and DAVIS, JJ., concur.