660 So.2d 807 (1995)
The LIBERTARIAN PARTY OF FLORIDA, Richard Vajs, Sylvia Wilson, Roy Glatt, Michael Kerner, Daniel T. Savadel, Mike Shubert and David Moon, Appellants,
v.
Jim SMITH, in his official capacity as Secretary of State, Dorothy Joyce, in her official capacity as Director of the Division of Elections, Appellees.
No. 95-373.
District Court of Appeal of Florida, First District.
September 22, 1995.
Daniel F. Walker, Tallahassee, for appellants.
Robert A. Butterworth, Attorney General, George Waas, Assistant Attorney General, Tallahassee, for appellees.
PER CURIAM.
Appellants, the Libertarian Party of Florida, four Libertarian candidates for various offices, and three registered voters, seek reversal of a final judgment ruling against their complaint for declaratory and injunctive relief which challenged the constitutionality of section 99.096(2), Florida Statutes (1993). The challenged statute provides that "minor political party" candidates for local and regional office may appear on the ballot only if the sponsoring party has obtained a petition signed by 3 per cent of the registered electors of the district, county or geographical entity represented by the office sought. The appellants claim that the lower court erred when it (i) refused to declare section 99.096(2) unconstitutional because the provision imposes upon minor party candidates a more stringent means of ballot access than is imposed upon candidates of the two major parties, the Republican and Democratic Parties, and (ii) refused to enjoin application of this statutory provision prior to the 1992 general election. Because we agree with the trial court that the statute is constitutional both on its face and as applied, we affirm.
A statute is presumed constitutional. State v. Slaughter, 574 So.2d 218 (Fla. 1st DCA 1991). Further, in finding section 99.096(2) and its predecessors constitutional, the Florida Supreme Court and the federal courts have consistently rejected arguments similar to those raised here by appellants. Danciu v. Glisson, 302 So.2d 131 (Fla. 1974); Libertarian Party of Florida v. Florida, 710 F.2d 790 (11th Cir.1983); Beller v. Kirk, 328 F. Supp. 485 (S.D.Fla. 1970), aff'd mem., 403 U.S. 925, 91 S.Ct. 2248, 29 L.Ed.2d 705 (1971). The fact that minor and independent political parties are treated differently from the major political parties is not a sufficient basis for disregarding the presumption of constitutionality. As observed by the Court:
The fact is that there are obvious differences in kind between the needs and potentials *808 of a political party with historically broad support, on the one hand, and a new or small political organization on the other. [A state is not] guilty of invidious discrimination in recognizing these differences and providing different routes to the printed ballot. Sometimes the grossest discrimination can lie in treating things that are different as though they were exactly alike... ."
Jenness v. Fortson, 403 U.S. 431, 441-442, 91 S.Ct. 1970, 1976, 29 L.Ed.2d 554 (1971).
Rather than attempting to relitigate established constitutional principals, Appellants' policy arguments against the 3% signature requirement would be more appropriately addressed to the legislature.
AFFIRMED.
MICKLE and VAN NORTWICK, JJ., concur.
BENTON, J., concurs in result.