**Eric R. GUZMAN FLORES, Plaintiff,**

v.

**COLLEGE OF OPTOMETRISTS,
et al., Defendants.**

No. Civ. 00–1583(JP).

United States District Court,
D. Puerto Rico.

June 19, 2000.

Juan C. Morales Ducret, Miguel A. Maza & Associates, Hato Rey, PR, for plaintiff.

Juan J. Vilella Janeiro, González & Vilella, San Juan, PR, Rubén Colón Morales, Avilés & Colón Morales, San Juan, PR, Daliah Lugo Auffant, San Juan, PR, for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

### I. INTRODUCTION

Before the Court is Defendant College of Optometrists of Puerto Rico's ("the College") Motion to Dismiss for Lack of Subject Matter Jurisdiction (**docket No. 17**). Although Plaintiff has not filed an opposition to the College's Motion to Dismiss, the Court takes into account his memorandum

in support of the complaint (docket No. 19) in the following discussion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2000, Plaintiff Eric R. Guzmán Flores ("Guzmán") filed the complaint in the instant case requesting injunctive, declaratory, and monetary relief. In essence, Guzmán alleges that the College, an association to which he belongs and must belong as an optometrist, has unconstitutionally disqualified him from running in its elections for the Board of Directors. According to Guzmán, the College disqualified him under the pretext that he violated its ethics code which prohibits optometrists from entering into professional services agreements with entities that do not belong to the College. In support of his legal stance, Guzmán states that the College, a state actor, did not hold any adjudicative process before disqualifying his candidacy and, therefore, violated his due process rights. Guzmán further alleges that the College violated his freedom of association rights and the Equal Protection clause of the Fourteenth Amendment to the Constitution.

As part of this case, Guzmán requested an ex parte Temporary Restraining Order to prevent the College and the individuals comprising its Board of Directors and Elections Committee from initiating the elections process until this Court adjudicates the instant case on the merits. On May 12, 2000, the Court denied the TRO request and ordered Guzmán to file a legal memorandum in support of his Complaint and motion for preliminary injunction. Guzmán filed his memorandum on June 1, 2000.

On May 16, 2000, Guzmán filed an Urgent New Exparte [sic] Request for a Temporary Restraining Order and Preliminary Injunction Hearing Within 10 Days Due to New Developments. On May 19, 2000, the College opposed Guzmán's renewed request. The Court denied Guzmán's renewed request on May 26, 2000.

## II. STANDARD UNDER RULES 12(B)(1) AND 12(B)(6)

■ The College files the instant motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure arguing that the Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted. Once a defendant files a motion contesting the Court's subject matter jurisdiction under Rule 12(b)(1), the burden of establishing jurisdiction falls on the plaintiff. *See Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942). Therefore, if jurisdiction is premised on a federal question, the plaintiff must show that he has brought a claim arising under federal law. *See Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Moreover, if jurisdiction is premised on diversity of citizenship, the plaintiff must show complete diversity, and that his claim exceeds the jurisdictional minimum amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

■ Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir. 1991). The Court must accept as true the well-pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences therefrom in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990).

In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. *See id.* at 23 (citations omitted). Plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 28 n. 8 (1st Cir.1996) (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)).

## IV. DISCUSSION

Citing to *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944), the College states that the Court is without subject matter jurisdiction to entertain Guzmán's claim because the right to run for public office is not a property right protected under the Constitution. The College contends that the right to run for the position Guzmán covets is a "right pertaining to an individual's relationship with a state and is therefore not protected by the privileges and immunities clause of the Fourteenth Amendment." (Mot. Dismiss ¶ 6)

■ The Due Process Clause of the Fourteenth Amendment to the United States Constitution states that "[n]o state shall ... deprive any person of life liberty, or property without due process of law...." U.S. Const., Amend XIV. A procedural due process claim involves a two-step inquiry. First, the plaintiff must establish that he has a life, liberty or property right. Second, he must establish a deprivation of that right without due process of law. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

■ In this particular case, Guzmán's due process claim depends on whether he has a property right to run in the College's elections. Property rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *see also Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Although *Roth* and *Sindermann* present an expansive definition of property interest, the Supreme Court squarely addressed the issue now before the Court and held that there was no due process right to seek election to public office. *See Snowden v. Hughes*, 321 U.S. 1, 7, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *Taylor v. Beckham*, 178 U.S. 548, 577, 20 S.Ct. 890, 44 L.Ed. 1187 (1900); *see also* Comment, *Should Elected Officials Have a Property Interest in their Positions?*, 1995 U.Chi. Legal F. 365. Unlike the legitimate claim of entitlement one may have in employment or welfare benefits, public office does not bestow those who run for it or those who occupy it with a proprietary interest. *See Taylor*, 178 U.S. at 577, 20 S.Ct. 890 ("[t]he nature of the relation of a public officer to the public is inconsistent with either a property or a contract right."); *Berg v. Egan*, 979 F.Supp. 330, 334 (E.D.Pa.1997); *Wetherington v. Adams*, 309 F.Supp. 318, 320 (N.D.Fla.1970). Therefore, Guzmán does not have a valid due process claim in the instant case and the Court hereby **DISMISSES** such claim.

■ The College further argues that because Guzmán lacks a constitutionally protected right to run for a position on its governing board, he also lacks a claim under the Equal Protection clause of the Fourteenth Amendment. The College is rushing to this conclusion. Guzmán attacks the constitutionality of the College's determination that he is unfit to run for a board position because he contracted with a non-member of the College to provide professional services. According to the College, Plaintiff violated Canon 23 of its code of ethics which forbids optometrists

from contracting with parties who are not members of the College for purposes of providing optometry services. Guzmán contends that such regulation violates the Equal Protection clause of the Fourteenth Amendment because it singles out optometrists who are associated with "corporations" and does not allow them to run for board elections.

Although the right to be a candidate for elective office is not a fundamental right which subjects candidate regulations to strict judicial scrutiny, *see Clements v. Fashing,* 457 U.S. 957, 961–65, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982), this pronouncement does not exclude ballot access cases from Equal Protection scrutiny. *See Bullock v. Carter,* 405 U.S. 134, 141, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972) (the power of a state to determine the manner of holding elections must be exercised in a manner consistent with the Equal Protection clause of the Fourteenth Amendment). An individual has a "federal constitutional right to be considered for public service without the burden of invidiously discriminatory qualifications." *See Turner v. Fouche,* 396 U.S. 346, 362, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970). Although on its face Canon 23 is not discriminatory, facially nondiscriminatory regulations can be applied in a discriminatory way. *See Torres v. Comision Estatal de Elecciones de Puerto Rico,* 700 F.Supp. 613, 622 (D.Puerto Rico 1988) (citing *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886)).

■ Although Canon 23 has not explicitly thwarted the College members' right to vote, the ability of persons to be candidates is intertwined with the electorate's ability to elect. *See* 3 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law,* § 18.32 (3d ed.1999). "The rights of voters and the rights of candidates do not lend themselves to neat separation; laws that affect candidates always have at least some theoretical correlative effect on voters." *Bullock,* 405 U.S. at 143, 92 S.Ct. 849. The standard to be applied to First and Fourteenth Amendment ballot access cases is the "flexible standard" set forth in *Anderson v. Celebrezze,* 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). *See League of Women Voters v. Diamond,* 965 F.Supp. 96, 99 (D.Me.1997). In applying this standard, the Court must weigh the magnitude of the burden on Guzmán's First and Fourteenth Amendment rights against the interests set forth by the states as justifying the regulation in question. *See id.* If the regulation in question results in a severe restriction on the political expression rights of either voters or candidates, the regulation will be upheld so long as it is narrowly tailored to a compelling state interest. *See Norman v. Reed,* 502 U.S. 279, 112 S.Ct. 698, 116 L.Ed.2d 711 (1992). If the regulation does not impair First Amendment rights in a significant way, the Court will perform a balancing test recognizing legitimate and politically neutral state interests. *See Burdick v. Takushi,* 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992). In view of the above, the College is incorrect in its analysis that because there is no constitutionally recognized right to run for public office, Plaintiff lacks a cause of action under the First and Fourteenth Amendment. Accordingly, the Court hereby **DENIES** its Motion to Dismiss. The Court, however, **GRANTS** the College's Motion with regards to Due Process.

**IT IS SO ORDERED.**